## Brennan, Appellant, v. Kingston Coal Co.

*Negligence—Mines and mining—Master and servant—Death of minor—Forged certificate of age—Fraud—Evidence—Credibility of witnesses—Court and jury.*

In an action by a widow against a mining company and its mine foreman to recover for the death of a son under the age of sixteen, it is error to give binding instructions for the defendants upon the sole ground that the minor was guilty of fraud in having obtained his employment in defendant's mine by presenting what purported to be a written certificate from his father to the effect that he was of lawful employment age, which certificate had never been signed by the father and was admittedly forged, where the only direct testimony in the case to establish that the father's name was written into the certificate before it was delivered to the mine foreman is that of the foreman himself, one of the defendants. In such a case, in view of the witness's interest and the death of the other party, the jury must be permitted to pass upon the credibility of the witness.

Argued April 8, 1912. Appeal, No. 38, Jan. T., 1911, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1907, No. 437, on verdict for defendants in case of Catherine Brennan v. The Kingston Coal Company and Richard Jones. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for death of minor child. Before HALSEY, J. The opinion of the Supreme Court states the case.

At the trial the court below gave binding instructions for the defendants.

*Error assigned* was in directing verdict for defendants.

*Edward A. Lynch,* with him *James H. Shea* and *William H. Hines,* for appellant.—We contend, that in any view of appellees' evidence as to the questionable man-

ner of the employment of appellant's son, the making out, reception and retention of this certificate by Richard Jones; his credibility, as a witness—being the mine boss and joint defendant of the company,—was one of fact for the jury. Jones had a deep interest in the case as such joint defendant. If there was any negligence in this matter of employment, it was his negligence: Ellis v. R. R. Co., 138 Pa. 506; Rivers v. Gregg, 5 Rich. Eq. (S. C.) 274; Braasch v. Stove Co., 153 Mich. 652 (118 N. W. Repr. 366); Koester v. Candy Works, 19 L. R. A. (N. S.) 783; American Car and Foundry Co. v. Armentraut, 214 Ill. 509 (73 N. E. Repr. 766); Valjago v. Carnegie Steel Co., 226 Pa. 514; Long v. Folwell Bros., 228 Pa. 314.

*Henry A. Gordon,* with him *Anthony L. Williams,* for appellees.—The question of defendant's negligence was one of law for the court: Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425; Dugan v. Lyon, 41 Pa. Superior Ct. 52; Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135; S. S. Pass. Ry. Co. v. Trich, 117 Pa. 390.

The certificate in question received pursuant to demand prior to the employment of the boy is all that the act in question requires of the defendant and fully rebuts the presumption that the unlawful employment was the act of negligence, which was the proximate cause of the boy's death: Valjago v. Steel Co., 226 Pa. 514; Norman v. Virginia-Pocahontas Coal Co., 69 S. E. Repr. 857; Long v. Folwell Bros., 228 Pa. 314.

The alleged fraud of the boy in obtaining employment by presenting a false certificate bars a right to recovery: Fitzmaurice v. Railroad Co., 6 L. R. A. (N. S.) 1146; Norfolk & Western Ry. Co. v. Bondurant, 15 L. R. A. (N. S.) 443; Carpenter v. Carpenter, 45 Ind. 142.

OPINION BY MR. JUSTICE STEWART, July 2, 1912:

There is but one feature of this case that calls for

consideration. The plaintiff's son, a minor under the age of sixteen years, had been admitted to employment in the mine of the defendant company, by Richard Jones, the other defendant, who was the company's foreman. While in this employment the minor met his death by accident in the mine, and the suit was brought by his mother for the recovery of damages by reason thereof. Binding instructions were given in favor of the defendant, not on the ground that the evidence failed to disclose negligence on part of the defendants to which the accident could be referred—a feature of the case into which we need not inquire, since it was not discussed on the argument,—but solely on the ground that the minor had obtained his employment in the mine by presenting to the mine foreman what purported to be a written certificate from the minor's father to the effect that he was of lawful employment age; which certificate, as established by the evidence, had never been signed by the father. The following extract from the charge very clearly expresses the view taken of the case by the learned trial judge and the consideration which led him to give binding instructions. "Suppose that this boy had not been killed, but had been injured. He would have had a cause of action against this company. It would have been a personal action by representation of a next friend, and it would have been an action by his parents. If that case had come on to trial here, and the same facts had been presented here with reference to that certificate as were presented with reference to the certificate in this case, the court would not hesitate a moment to say that that was a fraud, and on the basis of that fraud, there could be no recovery by this boy through the representation of his parents. The rule in that case must be the rule in this. No other conclusion can be reached." It will be time enough for an expression of view from us as to the correctness of the legal proposition here asserted, when the question shall have been raised by an appropriate

assignment, and shall have been made the subject of full consideration and discussion. It was a matter but briefly referred to in the argument on this appeal. Assuming for present purpose its correctness, it is quite clear that it was not in itself a sufficient basis on which to rest the binding instructions which followed. That the certificate produced and offered on the trial by the defendant did not bear the genuine signature of the boy's father may be accepted as an established fact, since the plaintiff herself so declared in the course of her testimony, and it thus became an admission on her part. But there was no admission by her, nor was there anything in the evidence produced by her, which tended in the least to show that this certificate offered on the part of the defendant had been used by the minor to obtain employment with the defendant. The testimony of the magistrate, a witness called by plaintiff, and therefore to be accredited against her, who attached his certificate setting forth the acknowledgment of the father before him of the due execution of the paper, to the effect that the father had never in fact appeared before him, and that he had certified to the acknowledgment before the father's name had been written in, at the request of the minor, has a significance which, while it is not to be underestimated, cannot be allowed as controlling. Richard Jones, one of the defendants, called on his own behalf and on behalf of his co-defendant, testified in an unqualified way that the minor had delivered to him the paper in the shape and condition it was in when offered on the trial, and that upon the strength of that certificate purporting to be the certificate of the father, he had given the minor employment. The admitted fact that it was a forged signature; that the father's name had not been inserted when the minor secured the magistrate's certificate or attestation—for that is all that it was—together with Jones' testimony that the paper was delivered to him by the boy just as it now appears, might be to a jury strongly

persuasive of the fact that the minor obtained employment by the practice of a fraud upon the defendants. But it could not be said to be conclusive, for after all the one fact in the case, as it then stood on the trial, was whether the father's name was written into the paper before the paper was delivered to the mine foreman. Except as it was, responsibility for the fraud would not attach to the minor. The latter, who is here charged with the forgery of the name, is dead and his lips are closed. Jones, the foreman, testifying for himself and his co-defendant says that the certificate when handed in by the minor contained the father's name. He is the only witness for defendants who testifies to this point in the case. In view of his interest in the result of the trial, and in view of the death of the only other party to the transaction, and the person to whom the alleged fraud is attributed, we are of opinion that the jury should have been permitted to pass upon the credibility of the witness, and that it was error to give binding instructions for the defendants. For this reason, and without attempting to pass upon the more serious questions of law suggested by the case, but not specifically assigned, we direct a reversal of the judgment with a venire facias de novo.