# Kelliher v. Brown & Co., Appellant.

*Negligence—Master and servant—Dangerous machinery—Belts —Belt shifters—Act of May 2, 1905, Sec. 11, P. L. 352—Negligence per se.*

1. The provisions of the Act of May 2, 1905, Sec. 11, P. L. 352, providing that the owner or person in charge of an establishment where machinery is used shall provide belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys, is mandatory and the failure to comply with it resulting in injury to another without the latter's fault is actionable negligence.

2. In an action of trespass to recover damages for personal injuries sustained by plaintiff while working at certain shears driven by a belt, where it appeared that if the belt had been provided with

a belt shifter as required by the Act of May 2, 1905, Sec. 11, P. L. 352, the accident could have been avoided, the court committed no error in charging the jury as a matter of law, the facts not being in dispute, that the failure of defendant to comply with the provisions of the act was negligence.

Argued October 21, 1913.    Appeals, Nos. 51 and 52, October Term, 1913, by defendant, from judgments of C. P. Allegheny County, August Term, 1910, No. 649, on verdict for plaintiffs in case of Robert T. Kelliher, minor, by his next friend and father, James J. Kelliher, and James J. Kelliher, father, v. Brown & Company, a corporation.    Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

From the record it appeared that Robert T. Kelliher was a minor of fifteen years and had been employed for two years in sundry capacities in a factory belonging to defendant and for four months and four days in work at certain shears. These shears were driven by a belt which ran to a driving shaft on the wall, and which was moved from the tight to the loose pulley by a bar. There was no belt shifter or other mechanical contrivance for the purpose of throwing on or off the belt. When iron bars were sheared the pieces were taken from the shear anvil to the cellar by a chute which could be bolted to the anvil. It had never been a practice in thirty years to stop the shears when attaching the chute.

When placing the chute in position, the plaintiff's foot slipped. He involuntarily threw his left hand out and beneath the shear blade, sustaining the injuries for which suit was brought.

The lower court instructed the jury that the failure to have a belt shifter was negligence per se.

Verdict for Robert T. Kelliher for $2,175 and for James J. Kelliher for $625 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant non obstante veredicto.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellants.

*W. Clyde Grubbs,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:
We do not agree with the learned counsel for the appellant that the court below was in error in holding that the defendant was guilty of negligence as a matter of law. The facts were not in dispute, and under the principle laid down in our cases it was the duty of the court to pass upon the question. The proximate cause of the accident was the failure of the defendant company to provide a belt shifter or other proper appliance for the machine at which the plaintiff was working as required by the Factory Act of May 2, 1905, P. L. 352. The eleventh section of that act provides, inter alia, that "the owner or person in charge of an establishment where machinery is used shall provide belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys." The statute is mandatory and the failure to comply with it, resulting in injury to another without the latter's fault, is actionable negligence. Had there been a proper shifter on the machine, the plaintiff could have stopped it while he was bolting the chute. There was no other reasonable way in which he could stop the machine while he was performing this duty. That it was dangerous to make the attachment while it was in motion is conclusively shown by what happened in this case. It is immaterial that the defendant company had permitted for several years its employees to attach the chute without stopping the machine, in view of the mandatory provisions of the Act of 1905. Had it been equipped with the proper belt shifter

and the plaintiff had failed to use it and been injured in attaching the chute without stopping the machine, he would have been guilty of negligence preventing a recovery in the action. The defendant is not in a position to deny the right of the plaintiff to maintain this action on the ground, suggested by it, that the plaintiff could not have stopped the machine in time to prevent the accident. It would have been his duty to have stopped it by shifting the belt before he attempted to attach the chute and, in the absence of evidence showing the contrary, we must presume that he would have performed the duty. At all events, it was incumbent on the defendant to equip the machine with the proper belt shifter and give the plaintiff the means of protecting himself from the injuries he sustained by reason of its default.

The question of the plaintiff's contributory negligence raised on the trial in the court below was found in his favor by the jury. The only other question in the case was the negligence of the defendant in failing to comply with the Act of 1905 which proximately caused the injury to the plaintiff. That became a question for the court under the undisputed evidence and it properly disposed of it.

The judgment is affirmed.