## Krutlies v. Bulls Head Coal Co., Appellant.

*Negligence—Master and servant—Mines and mining—Injuries to minors—Act of May 1, 1909, P. L. 375—Statement of claim—False statements of minors—Liability of company.*

1. A statement of claim alleging that plaintiff was injured when under the age of sixteen and while employed by defendant in a coal breaker, is sufficient to put defendant on notice that plaintiff's case is governed by the Act of May 1, 1909, P. L. 375, relating to the employment of minors in coal breakers, although the act is not specifically referred to and a violation of its provisions is not set forth. As the procurement of an employment certificate and the keeping thereof on file as required by the act is a matter of justification, the failure of the defendant to comply with the statute in such particulars need not be shown by the injured plaintiff, and is not required to be averred in his statement of claim.

2. When the employment of a minor is shown to be illegal because forbidden by a statute like the Act of May 1, 1909, P. L. 375, that, in itself, is sufficient evidence of defendant's negligence, and, if the injury complained of occurred in the course of the plaintiff's service under such unlawful employment, that is enough to show a causal connection, and the law will refer the injury to the original wrong as its proximate cause.

3. The Act of May 1, 1909, P. L. 375, makes no provision for any certificate in the case of the employment of a minor over the age of sixteen, and it provides no method of protecting employers from

the result of deception if they engage a boy with the thought that he is over sixteen but who, in fact, proves to be under that age, and the subsequent acts on the subject indicate a legislative construction of the Act of 1909 to the effect that one who employs a minor who proves to be under sixteen, unless he can show a compliance with the mandates of the Act of 1909, does so at his own risk, so far as the question of age might enter into a subsequent liability.

4. A mining company which has employed a minor under the age of sixteen at work in a coal breaker without requiring of him an employment certificate, as provided by the Act of May 1, 1909, P. L. 375, will be liable in damages to such minor for injuries sustained by him while at work, although the minor has made a false statement as to his age, in reliance upon which statement he was employed, although the company has used reasonable vigilance in endeavoring to ascertain his age.

Argued Feb. 25, 1915.   Appeal, No. 44, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1911, No. 777, on verdict for plaintiff, in case of Edward Krutlies, by his mother and next friend, Dominica Krutlies v. Bulls Head Coal Company.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Cornelius Comegys* and *John P. Kelly*, for appellant. —The cause of action was not proved as laid: Luther v. Luther, 216 Pa. 1; Allen v. Tuscarora Val. R. R. Co., 229 Pa. 97; Hogarty v. Philadelphia & Reading Ry. Co.,

245 Pa. 443; Lenahan v. Pittston Coal Mining Co., 218 Pa. 311; Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348; Chapman v. Chapman, 59 Pa. 214.

A certificate in the exact form prescribed was not indispensable.

The burden of proof as to the age was on the plaintiff and he failed to meet the burden of proof: Riley v. Pittston Coal Mining Co., 224 Pa. 633; Lenahan v. Pittston Coal Mining Co., 218 Pa. 311.

*Joseph F. Gilroy,* with him *Thomas P. Duffy,* for appellee.—There was no variance between the declaration and the evidence: Hogarty v. Philadelphia & Reading Ry. Co., 245 Pa. 443; Waite v. Palmer, 78 Pa. 192; Kerr v. Sharp, 14 S. & R. 399; Hrabchak v. Del. & Hudson Co., 54 Pa. Superior Ct. 626.

OPINION BY MR. JUSTICE MOSCHZISKER, April 19, 1915:

This was an action in trespass to recover damages for physical injuries to a boy employed in the defendant's coal breaker. The declaration did not allege in terms any violation of the Act of May 1, 1909, P. L. 375, "To provide for the health and safety of minors in......coal ......breakers"; but it set forth several special grounds of negligence, and particularly averred that the injuries complained of resulted from the defendant's "violation" of "duties" and "regulations prescribed by the laws of the Commonwealth for the safety of laborers and employees," further, that Edward Krutlies was born March 12, 1895, and that, when employed by, and injured in the service of, the defendant company, he was a minor under the age of sixteen years. The jury first rendered a general verdict in favor of the plaintiff; then, when directed "to report specially" upon what branch of the case they based their finding, a special verdict was returned in these words: "We, the jury....... find and specially report that our verdict in this case is based upon and founded upon the fact that the plaintiff was under six-

teen years of age at the time of the accident." Judgment was entered for the plaintiff, and the defendant has appealed.

The defendant originally took the minor plaintiff into its service in the summer of 1909, on a certificate obtained by him in the winter of 1905, when only a little over eight years old, to the effect that he was then fourteen; in the latter part of 1910, the legislature having previously passed the Act of 1909, supra, prescribing that no child under fourteen should be employed in a coal breaker and none under sixteen should be so engaged without a special age certificate, the defendant laid off the plaintiff and other boys in its service, requesting each of them to procure the certificate required by this statute; thereupon, the minor plaintiff forthwith secured and produced to the defendant a paper signed by one George Howell, superintendent of the public schools of Scranton, which stated, "Edward Krutlies was sixteen years old November 13, 1909, and, therefore, may work without an employment certificate." When this document was presented, the defendant again took the plaintiff into its service, and put him to work oiling machinery, at which duty he was engaged when injured on May 18, 1910. From the dates and ages already stated, it appears that, as a matter of fact, this boy was less than fourteen at the time he was last taken into the defendant's employ, and when injured; but, since the declaration averred a date of birth which made him then more than fifteen, and also alleged that the defendant was negligent in ordering "a minor under the age of sixteen years" to do the work at which he was engaged at the time of the accident, the trial court treated the case as though it was conclusively conceded the lad was over fourteen, and left it to the jury to decide whether or not he was above the age of sixteen. There was evidence sufficient to sustain the finding that he was under the latter age; but the material points urged by the appellant are: (1) That recovery was allowed on a ground not specifically averred in the state-

ment of claim, i. e., the employment of a minor under the age of sixteen in a coal breaker without the certificate required by the Act of Assembly; (2) that the court erred in instructing the certificate furnished did not comply with the act; (3) that, since the minor plaintiff deceived his employer as to his age, he should not be allowed to recover upon the theory of a breach of duty on the part of the defendant in improperly employing one under the age of sixteen.

This case was tried once before and a nonsuit entered, which was subsequently removed. Prior to the first trial, the plaintiff asked leave to amend his statement, so that the statute on which he relied might be made specifically to appear, but this was denied. At the next trial, however, the court below ruled that the statement was sufficient to sustain a recovery grounded on the employment of a minor under the age of sixteen in violation of the Act of 1909, supra. The appellant does not contend that it was taken by surprise when this ground was advanced at the trial, and, under the circumstances, there could have been no actual surprise in that respect; but it does contend that there were no allegata sufficient to sustain the verdict. It would have been better practice for the plaintiff, in the first instance, to have averred the specific violation of the Act of 1909, supra, upon which he subsequently recovered; but we are not convinced of the insufficiency of the statement filed to support the verdict rendered. When the employment of a minor is shown to be illegal because forbidden by a statute like the Act of 1909, supra, that, in itself, is sufficient evidence of the defendant's negligence, and, if the injury complained of occurred in the course of the plaintiff's service under such unlawful employment, that is enough to show a causal connection, and the law will refer the injury to the original wrong as its proximate cause: Stehle v. Jaeger Automatic Machine Co., 225 Pa. 348; Syneszewski v. Schmidt, 153 Mich. 438. The statement of claim plainly informed the defendant that the plain-

tiff was injured in its service, and that he was a minor under the age of sixteen when employed by it, as well as at the date of the injury. These averments were enough to put the defendant on notice that the plaintiff's case was governed by the act of assembly in relation to the employment of minors in coal breakers, so that it might prepare to show a compliance with the requirements of the law in that regard. To employ a minor under the age of sixteen in a coal breaker is unlawful, unless the employer procures and keeps on file the certificate required by the Act of 1909, supra, and, when an action for damages is brought, grounded on such employment, the procurement of the certificate and the keeping of the same on file, as demanded by the act, is a matter of justification, or defense, to be shown by the employer; hence, a lack of compliance with the terms of the statute in this respect on the part of the defendant, need not be shown by an injured plaintiff, wherefore, strictly speaking, it is not required to be averred in his statement of claim. In other words, in such a case, the charge depended upon is that a minor under the age of sixteen was injured while engaged at work in a coal breaker, and, among other defenses, it may be shown that the employment was lawful because the defendant had complied with the terms of the act as to the required certificate. It is true, there is an averment in the present statement to the effect that at the time of the accident the minor plaintiff was "lawfully and actively engaged in the performance of his duties"; but we agree with the court below that this has no "reference to the original contract of employment between the plaintiff and the defendant company— on the contrary, it has reference solely to the manner and character of the performance of his (the minor's) duties in which he was engaged on the date when he was injured."

We still have to determine the question: Did the defendant show a sufficient compliance with the Act of 1909, supra? This act, after providing that no minor

under the age of fourteen shall be employed, and that no minor under the age of sixteen shall be employed, "unless the employer of said minor procures and keeps on file, and accessible to the mine inspector, the employment certificate as hereinafter provided," by Section 5, states that such certificate shall be in a certain form containing the information there designated.   Here, there is no contention that this certificate had been procured; for the paper which was brought by the minor to the defendant company, although signed by a proper person, did not purport to be a document of the character required by the statute.   The act makes no provision for any certificate in the case of the employment of a minor over the age of sixteen, and it provides no method of protecting employers from the result of deception, if they engage a boy with the thought that he is over sixteen, but who, in fact, proves to be under that age.   This lack is attempted to be cured by the Act of June 15, 1911, P. L. 983, which amends Section 3 of the Act of 1909, supra, and by the Act of April 15, 1913, P. L. 70, which amends Section 5 of the Act of 1909, supra. Neither of these acts applies in the present case, however; but the first of them, after making certain provisions in regard to minors over sixteen, particularly stipulates that, even though an employer should cease to keep in his service one who fails to meet the terms of the act, nevertheless the "said employer, by thus ceasing to employ or permit said minor to work, shall not be released from any of the penalties provided in this act for the employment of a minor under the age of sixteen years without the filing for such minor of the employment certificate hereinbefore required"—thus indicating a legislative construction of the Act of 1909, supra, to the effect that one who had employed a minor who proved to be under sixteen, unless he could show a compliance with the mandates of the Act of 1909, did so at his own risk, so far as the question of age might enter into a subsequent liability.   It is clear that the plaintiff at bar

was under sixteen, and that there was no adequate compliance with the requirements of the act of assembly in relation to the employment of minors of his age; therefore, so far, the defendant is liable.

The question of the sufficiency of the excuse offered by the defendant, namely, that the minor plaintiff deceived it concerning his age, remains to be considered. In several states the courts of appeal have held that, even though a child deceives his employer as to his age, such minor can recover for injuries growing out of his unlawful employment: see Hrabchak v. Del. & Hudson Co., 54 Pa. Superior Ct. 626, 632; Kirkham v. Wheeler-Osgood Co., 39 Wash. 415, 424; American Car & Foundry Co. v. Armentraut, 214 Ill. 509, 514; Syneszewski v. Schmidt, 153 Mich. 438, 445; Braasch v. Michigan Stove Co., 153 Mich. 652, 655; but, in Koester v. Rochester Candy Works, 194 N. Y. 92, where an infant under sixteen made a false declaration concerning his age, it was ruled that it was for the jury to determine whether the defendant was justified in relying upon the minor's statement, or should in the "exercise of reasonable prudence and caution, before actually hiring the plaintiff, have made further inquiry and received further assurance and proof" of his age. Thus it may be seen that the courts of states having statutes regulating the employment of minors have taken two views upon the subject before us: (1) That one who employs minors, when sued for an injury to such a worker, must justify the legality of the employment by proving the plaintiff within a permitted age and that he, the defendant, had complied with all the statutory requirements in relation to the employment of persons of the age in question; further, if the law contains no provision by which the employer may protect himself, through certificates or other means, then he takes such workers into his service at his own risk, so far as their age is concerned, and a false statement by the employee in regard thereto will in no sense bar a recovery for a subsequent injury. (2) That one who em-

ploys minors, when sued for an injury to such a worker can effectively defend by showing he used reasonable vigilance in endeavoring to ascertain the age of the plaintiff; and that an employer would not be guilty of negligence in the hiring if the facts were such as to justify belief on his part in a statement then made by his employee to the effect that he was over the required age. While this court has not as yet passed upon the point under discussion (see Brennan v. Kingston Coal Co., 237 Pa. 29), yet, in Hrabchak v. Delaware & Hudson Co., supra, the Superior Court, by President Judge RICE, states the view: "In Pennsylvania......the requirements of a statute adopted in the exercise of the police powers of the state, for the protection of its citizens, cannot be impliedly waived by the parties to the contract of employment: Valjago v. Carnegie Steel Co., 226 Pa. 514; particularly is this true of statutory provisions intended for the protection of children. Clearly, therefore, a boy under fifteen years of age cannot waive the prohibition of the statute under consideration; and we think it equally clear that the mere fact that he misrepresents his age does not render it nugatory and of itself relieve the employer from the consequences of putting him at a prohibited employment." The statutory provision now before us is of the character referred to by Judge RICE, and, it is to be observed, the act does not provide that employers shall not knowingly take into their service a minor under the prohibited age—on the contrary, its provision is (Section 3) "That no minor under the age of sixteen years shall be employed...... unless the employer of such minor procures and keeps on file......the employment certificate......." This act was avowedly passed, as shown by its title, "To provide for the health and safety of minors," and it calls for a construction that will "best effectuate the purpose of its enactment" (Lenahan v. Pittston Coal Mining Co., 218 Pa. 311, 314; Stehle v. Jaeger Automatic Machine Co., supra); so far as civil liability is concerned, like

the Guarded Machinery Act of May 2, 1905, P. L. 352, if the statute is violated, the question is not whether the defendant exercised reasonable care in an effort to comply with the act, but, where compliance is possible, it is the only justification which the law will accept (Lanahan v. Arasapha Mfg. Co., 240 Pa. 292, 296; Kelliher v. Brown & Co., 242 Pa. 499, 501). Hence, we conclude that the first of the two views above set forth is the proper one; and thereunder, on the verdict in this case, the defendant must answer in damages.

The assignments are all overruled and the judgment is affirmed.