# Brenneman *v.* P. H. Glatfelter Company, Appellant.

*Negligence—Master and servant—Unguarded machinery—Act of May 2, 1905, P. L. 352.*

In an action by an employee against his employer to recover damages for personal injuries sustained while working at cog machinery alleged to have not been properly guarded as required by the Act of May 2, 1905, P. L. 352, the case is for the jury where the evidence for the plaintiff shows that the machinery was unguarded, and that for the defendant tends to show that no guard was practicable at the point where the injury occurred.

There is no presumption of law that because a youth has reached the age of nineteen years he is affected with knowledge of all of the dangers that may attend his employment with and about machinery.

In a case by an employee for injuries sustained while working at unguarded machinery the trial judge commits no error in charging as follows: "If the jury finds from the evidence that the gearing in which plaintiff was injured was not at the time properly guarded as required by the Act of May 2, 1905, P. L. 352, the plaintiff may recover for resulting injuries unless he was at the time of the accident guilty of negligence contributing to the happening of the accident.

*Trial—Charge—Answers to points.*

Whilst a party is entitled to an affirmance of a point which clearly and adequately expresses a relevant legal principle, this duty can be properly performed even though the trial judge does not confine his answer to the one word "affirmed."

Argued March 8, 1915. Appeal, No. 19, March T.,

1915, by defendant, from judgment of C. P. York Co., Aug. T., 1913, No. 110, on verdict for plaintiff in case of J. H. Brenneman v. P. H. Glatfelter Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WANNER, J.

At the trial it appeared that the plaintiff who was nineteen years of age was injured while working at cog machinery which was alleged to have not been properly guarded. The defendant offered evidence tending to show that it was not practicable to guard the machinery at the point where the injury occurred.

Defendant presented the following points:

1. An employee of the age of over nineteen years is presumed to have sufficient capacity to be sensible to danger and this presumption will stand until overthrown by clear proof of the absence of such discretion, and no sufficient evidence has been offered in this case to overcome the presumption that J. H. Brenneman, the plaintiff, was cognizant of the patent dangers of the work he was employed to do. Answer: This legal proposition is correct as to the presumption that plaintiff had sufficient capacity to be sensible of danger, and a preponderance of the evidence on the subject would be necessary to overcome that presumption. But no evidence to show that he was not of such capacity has been offered in this case. (2)

2. It was not necessary for the defendant to explain to J. H. Brenneman, the plaintiff, the danger of coming in contact with the revolving gears because it was a patent danger of which he was sensible. Answer: This point is affirmed if the jury find this to have been a patent danger, but the jury in connection with this legal proposition will remember that certain of the defendant's testimony is to the effect that plaintiff was instructed as to the proper way of doing his work so as to escape

danger, and there is also evidence of the plaintiff himself as to said instruction, to all of which the jury will give due weight, and determine whether instruction was necessary and whether it was properly given.    (3)

3. An employee assumes all dangers in his employment, however they may arise, against which he may protect himself by the exercise of ordinary observation and care, and the defendant is not responsible for any injury suffered by the plaintiff to which he voluntarily subjected himself.    Answer: This answer indicates the rule of law applicable to such cases prior to the passage of the Act of May 2, 1905, P. L. 352.    But if the jury shall find from the evidence that the gearing in which plaintiff was injured was not at the time properly guarded as required by said act, the plaintiff may recover for resulting injuries unless he was at the time of the accident guilty of negligence contributing to the happening of the accident.    (4)

4. It matters not how negligent the defendant may be if the plaintiff himself is negligent in the slightest degree which inured and resulted in and caused him the injury for which he brings his action he cannot recover.    Answer: If the jury find from the evidence that the plaintiff at the time of the accident was guilty of negligence in wiping the machinery in question, which contributed in any degree, directly to the happening of the accident in which he was injured, he cannot recover any damages from the defendant in this case.    If he was thus guilty of contributory negligence himself, he cannot recover even if the defendant company was guilty of negligence in not properly guarding said machinery, or in not properly instructing the plaintiff as to his work, or the dangers incident thereto.    (5)

5. Under all the evidence in the case the verdict of the jury must be for the defendant.    Answer: The sixth point calls for binding instructions and is refused.    (6)

Verdict and judgment for plaintiff for $1,000.    Defendant appealed.

*Errors assigned* were (1) refusal of new trial; (2-6.) above instructions quoting them.

*John A. Hoober,* for appellant.—Plaintiff was nine-teen years of age, and no proof having been produced to the contrary, the presumption arose that he had sufficient knowledge to be cognizant of the danger of putting his hand into a set of rapidly revolving cogs: Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219.

Plaintiff was guilty of contributory negligence: Best v. Williamsport Staple Co., 218 Pa. 202; Betz v. Winter & Goetz, 195 Pa. 346; Higgins v. Fanning & Co., 195 Pa. 599; Greiser v. Eddystone Mfg. Co., 227 Pa. 375; Fick v. Jackson, 3 Pa. Superior Ct. 378.

"Properly guarded" is a relative term or expression and whether the statutory requirement has been complied with necessarily depends upon the facts of the particular case: McCoy v. Wolf Co., 235 Pa. 571; Cramer v. Aluminum Co., 239 Pa. 120; Shannon v. Carnegie Steel Co., 244 Pa. 346.

*J. S. Black,* for appellee.—The Act of 1905, P. L. 355, Section 11, proves that "all vats, pans, saws, planers, cogs, gearing......shall be properly guarded."

This act is mandatory and must be strictly followed and only the contributory negligence of an injured employee will relieve the employer from the consequences of his disregard of this statutory duty: Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Fegley v. Lycoming Rubber Co., 231 Pa. 446; Solt v. Williamsport Radiator Co., 231 Pa. 585; Bollinger v. Crystal Sand Co., 232 Pa. 636; Cramer v. Aluminum Co., 239 Pa. 120; Lanahan v. Arasapha Manufacturing Co., 240 Pa. 292; Booth v. Stokes, 241 Pa. 349.

There can be no contributory negligence although the danger is obvious where the injury cannot occur without accident: Doyle v. Pittsburgh Waste Co., 204 Pa. 618;

Staddon v. Chapman Mineral Co., 33 Pa. Superior Ct.
475; Solt v. Williamsport Radiator Co., 231 Pa. 585.

OPINION BY HEAD, J., October 11, 1915:

One of the alleged acts of negligence on which the
plaintiff declared was the failure of the defendant com-
pany to properly guard certain cog machinery at the
point where the plaintiff was injured. The learned trial
judge, after proper instructions, left it to the jury to de-
termine whether or not, under the evidence, it was feasi-
ble and practicable to have guarded that particular por-
tion of the machinery. We are of opinion he could not
properly have done otherwise.

In Cappuccio v. Plumb, in which an opinion was hand-
ed down in July last, this court said:' "Section eleven
of the Act of May 2, 1905, P. L. 352, declares: 'The
owner or person in charge of an establishment where
machinery is used shall provide belt shifters or other
mechanical contrivances for the purpose of throwing on
or off belts or pulleys. Whenever practicable, all ma-
chinery shall be provided with loose pulleys. All vats,
pans, saws, planers, cogs, etc., and machinery of every
description shall be properly guarded.' In Kelliher v.
Brown & Co., 242 Pa. 499, Mr. Justice MESTREZAT, speak-
ing for the court, after quoting the first sentence of that
section, said 'The statute is mandatory and the failure to
comply with it, resulting in injury to another without
the latter's fault, is actionable negligence. Had there
been a proper shifter on the machinery, the plaintiff
could have stopped it while he was bolting the chute.'
Even if it be conceded that the second sentence of the
section just quoted, when considered with the first, lim-
its the broad scope of the statutory mandate, we think
the burden of proof would be on the owner of the ma-
chinery to show the existence of the exceptional case
which would relieve from the statutory obligation." The
defendant, by parol testimony, sought to discharge this
burden and offered considerable evidence to show that no

guard was practicable at the point where the injury oc-
curred.   But this still left the question for the determi-
nation of the jury after being properly instructed by the
court.

So, too, as to the allegation of the plaintiff's contribu-
tory negligence.   On this question the charge to the jury
was adequate and correct, and furnishes no ground for
any just complaint.   No assignment of error does com-
plain of the charge of the court as such, but the specifi-
cations are confined to the answers to the several points
presented by the defendant.   We shall review them
briefly.

There is nothing in the record to make this case an ex-
ception to the general rule that the refusal by the court
to grant a new trial cannot be made the subject of an
assignment of error.   The first point presented by the
defendant was too broad and might have been refused.
There is no presumption of law that because a youth has
reached the age of nineteen years, he is affected with
knowledge of all of the dangers that may attend his
employment with and about machinery.   Such knowl-
edge can come only from instruction, observation or ex-
perience.   It might be that such person could be fairly
presumed to know what would be matters of ordinary
knowledge to persons of reasonable intelligence at his
age.   But the point was not limited in these respects and
the answer was as favorable as the plaintiff had a right
to expect.   The second specification is overruled.

The second point, third specification, asked the court
to declare, as matter of law, that there was no necessity
to give to the plaintiff any instruction as to the danger
of coming in contact with the revolving gears because
such danger was patent.   The point assumes too much.
The danger of injury in case of actual contact with the
revolving gears might fairly be said to be obvious.   But
the danger of coming into such contact by wiping grease
at a certain place or in a certain way was not a question

of law with which the court could deal.   The specification is overruled.

The answer of the learned trial judge to the third point we regard as a correct statement of the law since the passage of the Act of 1905, and this assignment is without merit.

The answer to the fifth point was a substantial affirmance and in no way that we can perceive worked any injury to the defendant.   Indeed, it seems to us to have only emphasized the legal principle for which the defendant contended.   Whilst a party is entitled to an affirmance of a point which clearly and adequately expresses a relevant legal principle, we have had occasion to say that this duty can be properly performed even though the learned trial judge does not confine his answer to the one word "affirmed."

We have already indicated that in our judgment this was a case for the jury, and consequently there could have been no error in the refusal of the court to direct a verdict for the defendant.   We are all of the opinion the case was well tried and the plaintiff's judgment should not be disturbed.   The assignments of error are overruled.

Judgment affirmed.