# Wytheville.

## MILLER MANUFACTURING COMPANY, INC., V. LOVING.

### June 12, 1919.

1. MASTER AND SERVANT—*Child Labor Law—Proximate Cause of Injury.*—Acts 1914, ch. 339, section 3, declares that it shall be unlawful for the master to employ a boy over fourteen and under sixteen years of age without first procuring and keeping on hand what the statute denominates a certificate of employment. The employment of a boy over fourteen and under sixteen years of age without having procured such a certificate is a tort, and an injury to the child occurring in the performance of duties under such employment must be referred to the unlawful employment as the proximate cause of such injury.

2. MASTER AND SERVANT—*Child Labor Law—Contributory Negligence.*—Where a child over fourteen and under sixteen years of age is wrongfully employed without obtaining the certificate required by section 3, ch. 339, acts 1914, the doctrine in Virginia as to contributory negligence is applicable in an action for injuries sustained by the child in the course of the performance by him of the duties for which he was employed.

3. MASTER AND SERVANT—*Child Labor Law—Injuries to Child—Case at Bar.*—The foreman of the defendant employed the plaintiff and permitted him to be put to work at a dangerous machine, with knowledge of the fact that he was between the ages of fourteen and sixteen years, and without having obtained the employment certificate required by section 3 of the act (Acts 1914, ch. 339, sec. 3). Such hiring, therefore, was in contravention of the act and unlawful, and by its terms constituted an offense for which the defendant was liable to a fine, and, under section 2900 of the Code of 1904 and the decisions, to damages for any injury suffered by the plaintiff in the course of his employment, unless his right of action was barred by his own contributory negligence.

Error to a judgment of the Law and Equity Court of city of Richmond in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Montague, Daniel Grinnan* and *C. V. Meredith,* for the plaintiff in error.

*David Meade White* and *G. B. White,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This action was brought by the defendant in error, an infant under the age of sixteen years, who sued by his next friend, against the plaintiff in error, a corporation engaged in the manufacture and sale of sash, blinds, doors, and a general wood manufacturing business, to recover damages for a personal injury received by the plaintiff while in the employment of the defendant, resulting in the loss of the fingers of his right hand, which were cut off by a rip-saw, or cutoff-saw, operated by the defendant and alleged to have been occasioned by its negligence. The trial resulted in a verdict for the plaintiff for $8,000, upon which the judgment under review was rendered.

In the case of the *Standard Red Cedar Chest Co.* v. *Johnson C. Monroe,* post, p. 442, 99 S. E. 589, an infant suing by his next friend, in which an opinion was handed down at the present term, a recovery was sustained in a motion under the child labor law by the plaintiff, a child under the age of fourteen years, for a similar injury. The differentiating features of the two cases arise from the inequality in the ages of the plaintiffs. Monroe was under fourteen years of age, and consequently his action was brought under the first section of the act (Laws 1914, c. 339), while *Loving's Case,* he being between the ages of fourteen and sixteen, is controlled by and involves the construction of the third section. If, however, we shall be of opinion that, according to the correct interpretation of section 3, as applied

to the evidence, the employment of Loving was contrary to the provisions of the act and unlawful, then, in principle, the two cases are identical (save only that the maturer age of Loving would render him more amenable to the contributory negligence doctrine), and the opinion in *Monroe's Case* would be equally applicable in the instant case and need not be repeated.

[1, 2] In a note in the trial below, the accomplished judge of the law and equity court makes the following pertinent observations (which will be adopted as part of the opinion of this court): "The plaintiff * * * offered evidence tending to prove that the minor plaintiff, being under the age of sixteen years and over the age of fourteen years, came within the protection of the statute approved March 27, 1914, relating to the employment of children in factories, etc. It is objected that this evidence * *. * can, under no character of proof, be held to be the proximate cause of the injury to which the plaintiff has testified. This statute belongs to a class of statutes which exist in a large number, perhaps in a majority, of the States of the Union now and for several years past, and which, therefore, have been the subject of analysis and decision by the courts in the various States. It seems to be settled by the weight of authority that under a section such as the first section of this statute, forbidding the employment of a child in any event under the age of fourteen years, the employment itself in violation of the law is an act of negligence which is held to be conclusively the proximate cause of an injury to the child if that injury occurs in the course of the performance by him of the duties for which he was employed; the reasoning of the decisions being that the employment itself under conditions forbidden by the statute constitutes a *tort*, and that the injury to the child while in such unlawful employment results from the forbidden act held to be negligence; in other words, that he would not have been injured

33

if he had not been in the place where he was, and he was there by reason of the employment forbidden to the master. * * * I think it is equally well settled that the wrongful employment in violation of the statute is, under the present course of decisions, a *tort*, and that the injury to the child occurring in the performance of the duties under such employment must be referred to the unlawful employment as the proximate cause of such injury. * * * Section 3 of our statute declares that it shall be unlawful for the master to employ a boy over fourteen and under sixteen years of age without first procuring and keeping on hand in the manner prescribed in the statute what the statute denominates a certificate of employment, which is to be made out and issued by a notary public after he has received, examined, approved and filed evidence of age showing that the child is fourteen years old or upwards. The question arises whether the employment of a boy over fourteen and under sixteen years of age by the master without having procured such a certificate, and therefore in violation of the statute, is to be viewed in the light of the principles of law above stated applying to the instance in which the master employed a child under fourteen years of age; that is, whether such employment, being unlawful, is to be held to be the proximate cause of an injury occurring to the child while in the performance of duties for which he was so employed. This exact question I did not find decided in terms anywhere except in the State of Pennsylvania. In that State, in the case of *Krutlies* v. *Bull's Head Coal Co.*, 249 Pa. 162, 94 Atl. 459, reported and annotated in L. R. A. 1915 F, 1082, the court holds distinctly that the employment under such circumstances without having obtained the certificate required by the statute, being unlawful, is the proximate cause of an injury occurring in the course of employment, just as would be the case where the boy was under age. I examined the Pennsylvania statute, and the cer-

tificate of employment there is essentially similar to that in our statute, in that it does not vest the party issuing the certificate with authority to refuse it, although it does require other matters to be stated which are not required in such certificate under our statute. There is, therefore, in essence, no distinction between the certificate under the Pennsylvania statute and the certificate under our statute. * * * The child being over fourteen years of age, I think the doctrine in Virginia as to contributory negligence is applicable to a case of this character; * * *."

[3] It affirmatively appears from the evidence that the foreman of the defendant employed the plaintiff and permitted him to be put to work at a dangerous machine, with knowledge of the fact that he was between the ages of fourteen and sixteen years, and without having obtained the employment certificate required by section 3 of the act. Such hiring, therefore, was in contravention of the act, and unlawful; and by its terms constituted an offense for which the defendant was liable to a fine, and, under section 2900 of the Code and the decisions, to damages for any injury suffered by the plaintiff in the course of his employment, unless his right of action was barred by his own contributory negligence. See cases cited in note 5 Va. L. Reg. (N. S.) 368.

The trial court has correctly resolved these fundamental questions in favor of the plaintiff, and fairly and fully submitted the case to the jury upon the law. And the evidence being sufficient to sustain the verdict, this court would not be warranted in reversing the action of the trial court in overruling the motion of the defendant to set aside the verdict and in rendering judgment thereon for the plaintiff.

*Affirmed.*