# Wytheville.

## MILLER MANUFACTURING COMPANY, INC. v. AETNA LIFE INSURANCE COMPANY.

### June 14, 1928.

Argued and submitted before Judge Holt took his seat.

1. INDEMNITY INSURANCE—*Child Labor Law—Liability of Company where Injured Employee was between Fourteen and Sixteen Years of Age and His Employer had not Obtained and Posted the Certificate Required—Case at Bar.*—The instant case was an action by an employer against an insurance company on a policy insuring the employer against losses it might incur on account of injuries accidentally inflicted on its employees while in its employ at its factory. The injured employee was over fourteen years of age at the time of the injury, but under sixteen years of age. He was injured at the factory of the plaintiff when the policy was in force, and recovered a judgment for his injuries against plaintiff. The insurance company claimed that it was exonerated from liability on the policy on account of the child labor law (Acts 1914, page 671), as plaintiff did not comply with section 3 of that act, providing that no child under sixteen years of age should be employed in certain occupations and establishments, unless the employer should procure and keep on file accessible to any inspector, or officer charged with the enforcement of the act, an employment certificate. This certificate was never procured by plaintiff. The insurance policy excepted injuries to or caused by "any person employed in violation of law *as to age,* or of any age under fourteen (14) years, where there is no legal restriction *as to age* of employment."

    *Held:* That plaintiff could not recover against defendant company.

2. INDEMNITY INSURANCE—*Child Labor Law—Failure to Obtain Certificate where Child is between Fourteen and Sixteen Years of Age—Liability of Insurance Company.*—When a statute forbids the employment of a child under fourteen years of age in any event and also of one under sixteen years of age, unless the employer procures and keeps on file and accessible to a factory inspector, or any other authorized officer, the required certificate, in either event the employer is debarred from making the defense that no negligence is shown, and the insurer is not liable.

3. INDEMNITY INSURANCE—*Child Labor Law—Liability of Company where Injured Employee was between Fourteen and Sixteen Years of Age and His Employer had not Obtained and Posted the Certificate Required—Case at Bar.*—The instant case was an action by an employer against an insurance company to recover the amount of a judgment against the employer for injuries to an employee. The policy excepted injuries to or by persons employed "in violation of law as to age, or of any age under fourteen years, where there is no legal restriction as to the age of employment." The employee injured was a boy under sixteen and over fourteen, but the employer had never obtained the certificate required by the child labor law for boys under sixteen. Plaintiff contended that the boy could not be said to be employed "in violation of law as to age," because the law permitted his employment in the particular capacity in which he was acting when injured; that the boy was merely employed in violation of the law requiring that a certificate be kept on file, and that the policy protected an employer in case of failure to post the certificate, provided the child was of the necessary age, in this case fourteen.

 *Held:* That plaintiff's construction of the statute could not be maintained and that the insurer was not liable to plaintiff in the instant case.

4. MASTER AND SERVANT—*Failure to Comply with Child Labor Law—Proximate Cause of Injury.*—The employment of a boy between the ages of fourteen and sixteen years, without compliance with the statute as to the certificate to be obtained from a parent or guardian by the employer, being unlawful, is the proximate cause of an injury occuring in the course of the employment.

5. INDEMNITY INSURANCE—*Child Labor Law—Employment in Violation of Law as to Age—Case at Bar.*—A policy of insurance to protect an employer against losses incurred from injuries to his employees excepted injuries or death to or caused by "any person employed in violation of law *as to age,* or of any age under fourteen (14) years, where there is no legal restriction *as to age* of employment." In the instant case it was insisted that there was no violation by the employer of the law as to age, where the employee was over fourteen but under sixteen, and the employer had not secured the certificate required by the child labor law, but only a violation of the law requiring the possession and posting of the certificate of employment.

 *Held:* That this position was unsound, because it referred the violation exclusively to a violation as to age instead of a violation of the law, whereas the words "as to age" constitute an attribute appendant to the word *law,* and not violation.

6. CHILD LABOR LAW—*Proximate Cause.*—Whether the child is under fourteen or merely under sixteen the unlawful hiring in violation of

the law is itself the act which constitutes the causal connection between the violation of the law and the injury.

7. INDEMNITY INSURANCE—*Liability of Insurance Company—Employment in Violation of Law as to Age.*—Where a policy of insurance to protect an employer against losses for injuries to his employees excepts losses to or caused by "any person employed in violation of law *as to age,* or of any age under fourteen (14) years, where there is no legal restriction *as to age* of employment," the plain meaning of the language used is that when the policy is issued in a State with a statute in force regulating child labor according to the age of the child, and the loss occurs by reason of an *employment* in violation of such a law, then the company is not liable. The employment is the act guarded against by the exception.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Montague* and *A. B. Dickinson,* for the plaintiff in error.

*S. S. P. Patteson,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This action, which is a sequel to the case of *Miller Mfg. Co.* v. *Loving,* 125 Va. 255, 99 S. E. 591, was brought by the *Miller Manufacturing Company* v. *Aetna Life Insurance Company* to recover the sum of $6,350.00, alleged to be due by virtue of a policy of insurance issued to the plaintiff by the defendant, dated June 29, 1917. The policy was known as "Manufacturers' Liability Policy," and contracted to insure plaintiff against damages, losses and expenses it might incur or sustain during the life of said policy, on

account of injuries accidently inflicted on plaintiff's employees while in its employ at its factory in South Richmond, Virginia, in a sum not to exceed $5,000.00 for any employee, all necessary counsel fees in the event the defendant should refuse to defend said suit when notified, and all costs taxed against it.

Wilbur M. Loving, an infant over the age of fourteen years and an employee of plaintiff, by his next friend, recovered a verdict and judgment against the plaintiff for the sum of $8,000.00 on July 20, 1917, for injuries received during the life of said policy. The said judgment on appeal to this court was affirmed.

This case lies in a very narrow compass. There is no disputed question of fact. In the lower court a jury was waived and all matters of law and fact were submitted to the trial judge, who found a verdict for the defendant and entered judgment thereon, and to that judgment this writ of error was awarded.

It is conceded that Loving, the injured employee, was over fourteen years of age at the time of the injury, but under sixteen years of age; that he was injured at the factory of the plaintiff when the said policy was in force; was at the time of the injury in the employ of the plaintiff, and recovered a judgment for his injuries against the plaintiff for $8,000.00 and costs, which plaintiff paid.

The insurance company claims that it is exonerated from all liability on account of the child labor law, (Acts 1914, page 671). It is claimed that plaintiff did not comply with section 3 of this act, which reads as follows: "No child under sixteen years of age shall be employed, permitted or suffered to work in, about or in connection with any establishment or occupation named in section 1, unless the person, firm or corporation employing such child procures and keeps on file

and accessible to any inspector of factories, or other authorized inspector, or officer charged with the enforcement of this act, the employment certificate as hereinafter provided, issued to said child." This certificate was never secured by plaintiff.

The policy of insurance issued by the defendant contains this clause: "Save and except injuries and/or death to or caused by any person employed in violation of law *as to age*, or of any age under fourteen (14) years, where there is no legal restriction *as to age* of employment." A proper construction of the clause set forth is determinative of the plaintiff's right of recovery.

The construction placed upon this clause by the plaintiff is set forth in the petition thus: "The statute recognizes that there is a twilight zone between the ages of fourteen and sixteen often hard to discern. The law evidently was passed to compel the employer to assist the inspector in ascertaining if children under the prescribed age were being worked. It is only just to require the employer to assist the inspector to this extent. This information being on hand, the inspector could easily check up the ages of children as he would have data to go upon right at his hand. It cannot be questioned that it is just as dangerous to work a boy over fourteen years with a certificate as without it. The certificate has no power of oral communication or physical locomotion. It can in no wise avoid injury directly or indirectly. There is no employment here contrary to provision as to age. The age of the child here is one permissible by law to be employed. The wrong consists not in working, but in not posting affidavit of his age. The wrong is failure to post, and not the age of the boy. The boy was of the lawful age to work. We contend that the policy protects an employer in case of failure to post, provided the child

is of the necessary age, namely, over fourteen, as is the case here."

The contention of the defendant is that the injury to Loving falls within one of the exceptions to liability named in the clause under consideration. The language, as we construe it, embraces two conditions; that is, where there is a legal restriction based upon the age of the employee, and where there is no such statute. If a loss occurs to one who has been employed in violation of such law, there is no liability upon the insurer. In the second instance, the contract arbitrarily fixes the age limit and there is no liability upon the insurer if an employee under fourteen years of age is injured.

[1, 2] This construction is in harmony with the weight of authority. In practically all the cases examined, we find the courts holding that when a statute—as does ours—forbids the employment of a child under fourteen years of age in any event and also of one under sixteen years of age, unless the employer procures and keeps on file and accessible to a factory inspector, or any other authorized officer, the required certificate, that in either event the employer is debarred from making the defense that no negligence is shown, and the insurer is not liable.

[3] In *Fulton Co.* v. *Massachusetts Bonding & Ins. Co.*, 138 Tenn. 278, 197 S. W. 866, a question almost identical with the one under consideration was involved. The excepted risk set out in the policy was as follows: "It is understood and agreed that this policy does not cover (3) persons employed in violation of the law as to age." The company defended on the ground that the employee was between the ages of fourteen and sixteen and that the employer failed to comply with that provision of the statute requiring a certificate similar to the one required by our statute. The employer

advanced, in substance, the argument herein advanced by the plaintiff. It is so similar that we set it forth in full:

"The provision in the policy relieving the defendant of liability where the person is employed 'in violation of the law as to age' has no application, because they urge section 5 [Laws 1911, chapter 57] of the act is not a law concerning age. * * * It cannot be said that Kendrick was employed in violation of law as to age, because, while the law permitted his employment in the particular capacity in which he was acting when injured, it also required that the employer keep a certificate of his age on file and makes it a criminal offense not to do so. Kendrick, it is said, was employed 'in violation of law' requiring a certificate to be kept on file for the convenience of the factory inspector, but he was not employed 'in violation of law as to age.' "

The court, in our opinion, fully answered the contention as follows:

"This contention overlooks an important consideration. As we construe the statute, the employer in order to be excused from liability under section 5 must first have a statement that can be kept on file, to-wit, one made by the parent or guardian in respect to the age of the child. Such a statement was not taken by the employer. The argument for complainant outlined above proceeds as if the statement had been taken and the only failure was the one in respect to filing it in a place accessible for the factory inspector * * *. Liability under act of 1881 was declared where such certificate was not taken * *. It cannot be doubted that the failure to take such a certificate as to age, under the oath of the parent or guardian, makes a case of the equivalence of negligence on the part of the employer. If uncertain as to the age of a boy offering

for employment, it is the duty of the employer to take the affidavit in order to later excuse him from liability because of accidents.

"In *Klicke* v. *Allegheny Steel Co.*, 200 Fed. 933, 119 C. C. A. 317, the liability of an employer for injuries suffered by an under age complainant employee was asserted under section 7 of Penn. Pub. L. 1909, page 283 [Pa. St. 1920, section 13279], which provides:

" 'No minor under the age of sixteen years shall be employed * * * unless the employer of said minor procures and keeps on file and accessible to the deputy factory inspector the employment certificate as hereinafter provided, issued to said minor.'

"A later section makes the violation of the act a misdemeanor.

"It was held upon a finding that no certificate was procured by the employer that the employment was illegal, and *established a case of negligence on the part of the employer * *.*

"Our cases cited above necessarily proceed upon that basis, since liability on the part of the owner of a factory was fixed under statutes conditional in nature—excusatory when a sworn statement was procured.

"We therefore hold that the employment of Kendrick by the complainant company was in violation of law as to age, and that the insurer was not called upon to defend the employee's action."

In *Kilby Car & Foundry Co.* v. *Georgia Casualty Co.*, 209 Ala., 356, 96 So. 319, the policy of insurance contained an exception exempting the insurance carrier from liability for injuries "suffered by or caused by any child employed by the assured contrary to law as to age." The court, in its opinion (page 358, 96 So. 320), said: "The construction appellant places upon this contract is that the exception in question could

have been intended to cover only those cases where illegal employment would have had a casual connection to the injury. In this appellant is in error. It was a matter of contract between the insurance carrier and the assured, defining and limiting their respective liabilities. The terms of the policy are plain and unambiguous. There being no question of public policy or *ultra vires* involved, the law or rule of the contract is the law of the case."

In *Wind River Lumber Co.* v. *Frankfort, etc., Ins. Co.* (C. C. A.), 196 Fed. 340, the policy under consideration contained this clause: "This policy does not cover loss from liability for injuries to, or caused wholly or in part by, any child employed under fourteen years of age where no statute restricts the age of employee." The defense made was based upon a violation of this portion of the statute. In sustaining the defense, the court said: "The question here is not whether the plaintiff in error was liable for the injury to Westman, but that liability having been established by a judgment and the judgment paid, the question now is whether the defendant in error shall indemnify the plaintiff in error under its policy of insurance. To determine that question we have only to consider the terms of the policy. They are as plain as words can make them—that there was to be no indemnity for damages for injuries to a minor employed by the insured contrary to law. The illegality of his employment is not affected by the fact that his employer might have made his employment legal by complying with a certain provision of the statute. When the condition on which a minor is permitted to be employed is disregarded, his employment is as illegal as if he were employed in the face of an absolute prohibition."

The court in the *Wind River Case* adheres to the

principle laid down in the earlier case of *Frank Unne-wehr Co.* v. *Standard Life Ins. Co.* (C. C. A.), 176 Fed. 16. In the latter case, the statute did not prohibit the employment of a person under sixteen years of age, but did provide that in the event of such employment the child under sixteen years of age "should not be placed at employment whereby its life and limb is endangered." The policy exempted the insurer from liability for injuries "suffered by any person employed in violation of law as to age," and on this ground the defense was based. The trial court sustained the defense and the Circuit Court of Appeals affirmed the judgment, saying: "It follows that the judgment of the court below must be affirmed; for we do not understand any claim to be made that, if Watson was in fact placed and kept at employment dangerous to life and limb, there can be any recovery under the conditions of the policy."

It is manifest that the court regarded the provision in the policy excepting liability for injury to a person "employed by the insured contrary to law" as being equivalent to the language "employed in violation of law as to age."

In *Standard Red Cedar Chest Co.* v. *Monroe*, 125 Va. 442, 99 S. E. 589, the question involved was whether or not the employment of a child by the owner to work in a factory with knowledge that he is within the prohibited age is to be regarded as *per se* the proximate cause of an injury received by him in the course of such employment. The court, after holding that the object of the child labor statute was to preserve the lives and limbs of children, also held that "the unlawful hiring constitutes the causal connection between the violation of the act and the injury complained of."·

[4] In *Miller Manufacturing Co.* v. *Loving*, 125 Va. 255, 99 S. E. 591, this court approves the doctrine laid

down in *Krutlies* v. *Bulls Head Coal Co.*, 249 Pa. 162, 94 Atl. 459, L. R. A. 1915F, 1082, that the employment of a boy between the ages of fourteen and sixteen years, without complying with the statute as to the certificate, being unlawful, is the proximate cause of the injury occurring in the course of the employment.

In *Ocean Accident & G. Corp.* v. *Washington Brick, etc., Co.*, 148 Va. 829, 838, 139 S. E. 513, 516, it is said: "It is universally held that the employment in violation of the statute is in itself negligence and the proximate cause of the injury, independent of the circumstances under which the injury occurred."

We are of the opinion that the clause in the policy relied on by the defendant is neither uncertain nor ambiguous and should be given that construction which tends to compel employers of infants to comply with the law.

Judge Crump, who tried the case in the court below, also sat as the trial judge in the *Monroe Case, supra,* and also, as president of the Special Court of Appeals, delivered the opinion in the *Ocean Accident & Guaranty Corporation Case, supra.* Conversant with every provision of the child labor statute, his views, by reason of his recognized eminence, are entitled to great consideration. In a memorandum filed with the record (which will be adopted as a part of the opinion of the court), he sets forth his conclusions as follows:

"It is insisted on behalf of the plaintiff, that since the law allowed the employment of Loving, being over fourteen years of age, although under sixteen, provided the provisions of the statute are complied with, and since the violation of the law here arose entirely from a failure to have and post the certificate of employment mentioned in the statute, it therefore follows that there was no violation by the employer of law *as to*

*age,* but only a violation of that portion of the law requiring the possession and posting of the certificate of employment.

[5, 6] "I do not think this position is sound. It refers the violation exclusively to a *violation as to the age* instead of a violation *of the law.* This is inconsistent with the language of the brief sentence, in which the exceptions are noted, taken in contextual sequence. The meaning conveyed by the entire context is clearly to the effect that the words "as to age" constitute an attribute appendant to the word *law,* and not *violation.* The last words of the sentence, referring to the case where there is *no legal restriction as to age,* import that where there are restrictions as to age and those restrictions are violated, and therefore the employer is at fault, then the insurer is not to be liable. It is clear that the violation had in mind by the parties to the contract is the violation by the employer of a statute regulating employment based upon the age of the employee. The statute applicable here, found on page 671 of the Acts of 1914, is undoubtedly such a statute, and is so considered in the opinion deciding the case which is the origin of this action, and also in the case of *Standard, etc., Co.* v. *Monroe,* 125 Va. 442 [99 S. E. 589]. Whether the child is under fourteen or merely under sixteen the unlawful hiring in violation of the law is itself the act which constitutes the causal connection between the violation of the law and the injury.

[7] "I think the plain meaning of the language employed in the insurance contract here is that when the policy is issued in a State with a statute in force regulating child labor according to the age of the child, and the loss occurs by reason of an *employment* in violation of such a law, then the company is not liable. This is too clearly expressed to authorize consideration

of other possible meanings which might by a strained construction be placed upon the words used. The language of the policy is 'employed in violation of law as to age,' showing that *the employment* is the act guarded against by the exception. If the act of employment by the employer is contrary to the law, it is within the exception."

We find no error in the judgment complained of and it is, therefore, affirmed.

*Affirmed.*