INSURORS INDEMNITY & INS. CO. v. ARCHER.

No. 34236. Feb. 10, 1953.

*254 P. 2d 342.*

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Wheeler & Wheeler, Tulsa, for defendant in error.

O'NEAL, J. On the evening of November 9, 1947, Miss Archer suffered physical injuries as the result of an automobile accident growing out of a collision of two automobiles upon a state highway east of the city of Stillwater, Oklahoma. At the time of the accident Miss Archer was a guest passenger of the defendant, Bernie Lewis Spence, the operator of the automobile involved in the collision with an automobile driven by R. L. Lee. Miss Archer brought an action in the district court against both Spence and Lee for damages alleging concurrent negligence in the operation of the two automobiles, resulting in the accident and plaintiff's injuries. On October 8, 1948, plaintiff recovered a judgment against Spence in the sum of $3,264.35. The judgment was not appealed and became a final judgment. Plaintiff procured the issuance of an execution upon said judgment which was returned "No property found." Thereafter, plaintiff filed an affidavit for garnish-

ment on execution which recited the obtaining of the judgment and that the Insurors Indemnity & Insurance Company had monies and properties in its possession and control belonging to Spence, in which plaintiff sought to be applied in the collection of the judgment.

The record discloses that on November 6, 1947, Spence rented an automobile from Jack W. Trimble Company, d/b/a Rent-A-Car Company of Tulsa, Oklahoma. The Rent-A-Car Company carried a general policy of indemnity insurance with the Insurors Indemnity & Insurance Company, the garnishee in the present action, which policy of insurance was extended to cover the car rented by the defendant, Bernie Lewis Spence. This policy of insurance thus extended to Spence provided, among other things, as follows:

"1. Report every accident immediately, and in no event not less than 24 hours;

"2. Cooperate fully with the insurance company in all matters in connection with the investigation and defense of any claims or suits, also neither this insured, nor the driver shall aid or abet any claimant against the insurance company;

"3. This insurance shall be void and no coverage is provided by said policy if the automobile is operated:—Recklessly as to speed or otherwise."

Spence did not notify the Rent-A-Car Company of the accident, but some days thereafter a proprietor of a garage at Stillwater, Oklahoma, notified the Rent-A-Car Company that it had in its possession the Spence automobile involved in the accident. The Rent-A-Car Company and the insurance company attempted to contact Spence, but were unable to locate him, and they later learned that he had left the city immediately after the accident. The record discloses that shortly after the accident Spence advised the officers at Stillwater, Oklahoma, that he lived in Tulsa, Oklahoma, giving the address of his parents as the place of his resi-

dence. The trial court found that service of summons left with one of the parents of Spence at the Tulsa address was a valid service giving the court jurisdiction of the person of the defendant, Spence, in the present action.

The insurance company in an attempt to contact Spence learned that he was employed by a pipeline construction company, and that his duties required him to move from place to place as the construction work progressed. It was advised that Spence was employed at points in Kentucky, Pennsylvania and California. The insurance company wrote Spence six letters in care of his employers advising him of the institution of the suit against him and that it would appear for him in said suit but with the express reservation of its rights to contest the policy. The letters further advised Spence of his right to employ individual counsel and defend the suit if he so desired. Copies of each of these letters were also addressed to Spence at the residence of his parents in Tulsa, Oklahoma. The insurance company did not receive replies to any of these letters. Plaintiff contends that there is a failure of proof that Spence received the letters addressed to him, and, furthermore, that Spence did not give the insurance company a nonwaiver agreement; that the insurance company having defended the suit without receiving the nonwaiver agreement is now estopped to deny any liability under its policy of insurance. Plaintiff goes one step further and contends that even if Spence received the letters which advised him that the insurance company would appear for him in the suit with express reservation of rights to contest the policy, that nonetheless the insurance company cannot rely on any defense under the policy because it did not procure from Spence a valid written nonwaiver agreement.

Answering these contentions the insurance company asserts that it was not necessary for it to obtain a written nonwaiver agreement signed by Spence,

and that they performed their full legal duty by mailing him the letters as disclosed by the record that it would defend the suit against him on a reservation of its rights under the policy.

Plaintiff relied upon the rule announced in 45 C.J.S., Insurance, §714, at page 684, which states:

"Broadly speaking an insurance company which undertakes or continues the defense of an action against insured with knowledge or means of knowledge of grounds for avoiding its liability to insured, and without due notice to insured of its disclaimer of liability, will on principles of waiver and estoppel be precluded from thereafter avoiding liability under the policy on such grounds, ***."

A similar rule is announced in 29 Am. Jur., Insurance, §878, at page 672, as follows:

"The general rule supported by the great weight of authority is that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage."

It will be observed that the general rule thus stated assumes that the insurer has taken over the defense of an action brought against the insured without disclaiming liability and without giving notice of its reservation of rights. The rule is based upon the theory of waiver or estoppel.

Plaintiff relies upon our decision in Tri-State Cas. Ins. Co. v. McDuff, 192 Okla. 105, 134 P. 2d 342. In this case we cited with approval the general rule announced in 29 Am. Jur., supra. The case, however, does not involve the question of notice to the insured. The opinion discloses that the insurer and insured jointly defended the action.

After judgment the insured sought to recover from the insurer the amount of the judgment rendered against the insured upon the claim that the attorneys for the insurer had dominated the defense to the prejudice of the rights of the insured. Upon this point we said:

"The evidence as to whether defendant undertook the defense of the action without reservation as to liability, and whether it exercised full control of the defense thereof, was conflicting."

And upon the conflict of evidence we affirmed the finding of the trial court.

We are unable to agree with plaintiff's contention that there is a failure of proof that the defendant Spence was advised of the suit against him and that he was given an opportunity to defend the action.

In United States Fire Ins. Co. v. L. G. Adam Merc. Co., 117 Okla. 73, 245 P. 885, we held:

"When a letter is sent by post or mail, properly addressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence."

Plaintiff made no effort to overcome this presumption by contradictory evidence.

Upon the record here presented we think the insurance company was clearly within its rights to defend the action in an effort to protect itself and comply with its agreement.

In 29 Am. Jur., Insurance, §879, at page 673, the author states:

"No estoppel arises against a liability insurer where, although defending a suit against the insured, it insists on its nonliability under the policy, and its defense of the suit is merely to protect itself and comply with its agreement."

We think the application of the rule is especially applicable here where, as we have seen, the insurer in good faith has used every reasonable effort to

contact the insured and advise him of the pendency of the suit prior to taking over its defense.

In the footnote in the case of Miller Mfg. Co. v. Aetna Life Ins. Co., 150 Va. 495, 143 S. E. 747, 59 A.L.R. §14, p. 295, we find the following statement:

"An insurer which denies its liability under the provision of its policy under consideration, before judgment, and while the insured has sufficient time to protect its interest at the trial of the cause by providing its own counsel, or otherwise; is not estopped, in an action against it on the policy, to plead this provision as a defense in an action upon the policy, although it may have assumed the defense of an action against the employer by an employee or attempted to compromise the claim."

The judgment is reversed.

HALLEY, C. J., JOHNSON, V.C.J., and WELCH, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. CORN, J., dissents.