**William P. WRIGHT, Appellant,**

v.

**ALLSTATE INSURANCE CO.,**
Appellee.

No. 14986.

Court of Civil Appeals of Texas.
Dallas.

July 22, 1955.

Rehearing Denied Jan. 6, 1956.

Carter, Gallagher, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Pinkney Grissom and David M. Kendall, Jr., Dallas, for appellee.

YOUNG, Justice.

This suit was initiated by William P. Wright against appellee Company, the liability insurance carrier of Earl Leroy Andreasen, to enforce payment of a judgment theretofore obtained by Wright against Andreasen in District Court; said judgment following the court's approval of a compromise settlement agreement had between the parties (Wright and Andreasen) in amount of $2,250. Pursuant to provisions of Rule 166–A, Texas Rules of Civil Procedure, plaintiff Wright and defendant Company filed motions for summary judgment in the instant proceedings; and defendant's motion having been sustained, the resulting judgment adverse to Wright is the subject of this appeal.

The following antecedent facts appear without dispute: That as of July 31, 1952 appellee issued to Earl L. Andreasen its one-year policy of automobile liability insurance, describing the vehicle insured as a 1949 Plymouth; that on June 3, 1953, while driving a GMC one-half ton pickup truck belonging to one W. B. Rutledge, Andreasen became involved in an accident with Wm. P. Wright as the injured party. Claim then being made by Wright against Andreasen, appellee Company denied coverage, and upon Wright's subsequent filing of suit, said Company declined to defend; that thereafter a judgment was rendered in Cause No. 80,473–D, styled William P. Wright v. Earl Leroy Andreasen and W. P. Rutledge, said decree containing recitals of waiver of jury and announcement by the parties that a compromise settlement had been effected on terms, to wit: That Wright would take judgment against Andreasen for $3,000 of which intervenor Great American Indemnity Company (not party to this appeal) would be entitled to $750; the judgment further reciting that the court "having heard the pleadings, evidence and argument of the parties, and being of the opinion that such compromise by way of agreed judgment is fair and equitable and should in all things be approved, * * *."

Condition 4 of the policy, entitled "Action against Company," provides: "No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the Company." Insuring Agreement No. VII of the policy, headed "Use of other automobiles," recites in part: "This Insuring Agreement does not apply: (1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to, the named insured or a member of his household other than a private chauffeur or domestic servant of the named insured or spouse"; further reciting in section VIII that it did not apply "to any automobile while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur or servant."

Opposing motions for summary judgment were supported by affidavits; appellee's position before the trial court and here being (1) that no liability existed as a matter of law, the affidavits establishing that at time of the accident Andreasen was driving a pickup truck, not covered by defendant's policy as "a private passenger automobile" used by insured in the course of his business; (2) the truck in question was furnished to Andreasen for "his regular use" and therefore not covered; and (3) that appellee's said motion was properly sustained because the prior judgment on which appellant has sued was not one obtained "after actual trial," as required by appellee's policy of insurance. Appellant, in his points of error, takes the opposite view; at least that a fact question exists of (a) whether the pickup truck owned by Rutledge and driven by Andreasen, the assured, was furnished for his

regular use; and (b) whether or not said pickup truck driven by Andreasen was a "private passenger automobile" within the terms of the liability policy issued by defendant Company.

However, reverting to appellant's points in order of presentation, he first urges error in the court's ruling (grant of summary judgment to defendant), because (1) "the judgment approving the compromise settlement agreement, upon its face, was a judgment 'after actual trial' as that term is used in the policy issued by the defendant." Here appellant relies solely upon Travelers Ins. Co. v. Reed Co., Tex.Civ. App., 135 S.W.2d 611, 615, where a compromise settlement and judgment in accordance was held to sufficiently comply with an insurance policy requiring that " 'No recovery against the Company shall be had hereunder until the amount of loss or expense shall have been finally determined either *by judgment against the Assured,* the claimant, and the Company * * *.'" (Emphasis ours.)

By counterpoint, appellee argues inapplicability of the cited case because of substantial difference in policy requirements; admitting, in the instant case, the existence of a valid judgment against Andreasen; not equivalent, however, to one rendered against the assured "after actual trial." In this connection Andreasen, testifying by deposition, stated that he was not present in court on approval of the agreement of compromise, not believing he was at fault, but consenting to the judgment on condition that, as to him, it would be released; it being stipulated at time of deposition that he was "judgment proof."

As a type of judgment, the meaning of a final decree pursuant to consent of the parties, has been established in a multitude of cases. On the other hand, the term "judgment following actual trial"

does not appear to have been judicially passed upon.[1] "* * * It is elementary that a judgment by consent is one the terms and provisions of which are settled and agreed upon by the parties, and which is entered of record by the sanction and authorization of the court. It is of course essential that the parties themselves agree upon all of the terms and provisions, and the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties." Matthews v. Looney, Tex.Com.App., 123 S.W.2d 871, 872. In Prince v. Frost-Johnson Lumber Co., Tex.Civ.App., 250 S.W. 785, 789, a prior judgment by agreement was similarly defined; the court holding: "Consent judgments are in effect merely contracts of the parties, acknowledged in open court and ordered to be recorded, but as such they bind the parties as fully as do other judgments. The court did not decide the matter upon a hearing on the merits; but it was a consent by the parties to a particular decision, the judgment being entered by consent and in accordance with the agreement, the court merely exercising an administrative function in recording what had been agreed to between the parties. The court adopted the agreement, because it was made by the parties. It was a voluntary settlement between them, which they chose to invest with the form of a judicial declaration." "* * * There is authority for the proposition that in rendering a consent judgment the court merely exercises an administrative function in recording what has been agreed upon. Prince v. Frost-Johnson Lumber Company, Tex.Civ.App., 250 S.W. 785." Seguin State Bank & Trust Co. v. Locke, 129 Tex. 524, 102 S.W.2d 1050.

Manifestly, the term "judgment following actual trial" relates to an entirely different judicial proceeding—presupposing, as it does, a *contest* of issues

[1]. The words "actual trial" as used in Art. 2249–a (limiting appeals on writ of error) have been defined, viz.: "The actual trial of a case * * * is the hearing in open court, leading up to the rendition of judgment, on the questions of law, * * * or on the questions of fact, if the final judgment is rendered on the facts." Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096, 1097; Byrnes v. Blair, Tex.Civ. App., 183 S.W.2d 287.

leading up to final determination by court or jury, in contrast to a resolving of the same issues by agreement of the parties; i. e., *without a contest.* "The injured party must, of course, in order to take advantage of the provisions of the statute or policy which entitle him to proceed against the insurer, comply with conditions precedent prescribed thereby." 29 Am.Jur., Insurance, sec. 1086, p. 815; New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56; Klein v. Century Lloyds, Tex.Sup., 275 S.W.2d 95. A condition precedent fixing liability against this insurer is a judgment following actual trial; a requirement that is not satisfied by a judgment of the kind presented here.

The conclusions just reached render unnecessary a discussion of further points advanced for reversal of cause; and in accordance therewith the judgment under review will be in all respects affirmed.

### On Rehearing.

At this time appellant seeks permission to amend brief, presenting therein a new and further point of error, viz.: "The trial court erred in granting defendant's motion for summary judgment because defendant, having denied liability and having refused to defend the suit instituted by plaintiff against its insured, Andreasen, breached its contract of liability insurance, thereby waiving all rights to insist upon compliance with Condition 4 of the policy which required a 'judgment against the insured after actual trial' as a condition precedent to the institution of suit against defendant."

Said additional proposition involves matters not heretofore pled or raised either in the trial court or here; his amended motion for summary judgment stating: "That the only issues before the court are: (1) Whether or not there is standing a judgment against Earl Andreasen as a result of trial; (2) whether or not the pickup truck Andreasen was driving at the time of the accident in question was furnished for his regular use; and (3) whether or not Andreasen was using the vehicle 'while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur, or servant'." Rules 429 and 431, T.C.P., are invoked, the latter providing in part that "Briefs may be * * * supplemented at any time when justice requires * * *." However, the claim of waiver was not pled in response "to a preceding pleading" as required by Rule 94, T.C.P., and a new theory of his case is thus sought to be interposed. Obviously, for reasons fully discussed in 3–B Tex. Jur., sec. 872, the additional issue so presented comes too late.[2] Motion to amend

2. But if the point in question may be briefly touched upon, it must still be regarded as untenable. Appellant cites U. S. Fidelity & Guaranty Co. v. Pressler, Tex.Civ.App., 185 S.W. 326, and Butler Bros. v. American Fidelity Co., 120 Minn. 157, 139 N.W. 355, 44 L.R.A.,N.S., 609, as illustrative of the general rule that by denial of liability and refusal to settle or defend the action, the insurer thus waives the contract condition making a judgment after trial of the issue a condition precedent to a recovery by the insured under the contract; further arguing that, as held in Klein v. Century Lloyds, Tex.Sup., 275 S.W.2d 95, the injured third party "stands in the shoes" of the insured, and thereby entitled to sue the insurer as for breach of contract. Our Supreme Court was proceeding to limit the rights of an injured third party rather than extending them in the holding that insured, having breached the conditions of his policy, the injured party could not recover; stating further that the assured's "right to recover at all would have been determined solely by the terms of his policy, and petitioners' right must be measured by the same standard." And while, as between insured Andreasen and Company, the latter's denial of liability and refusal to defend (if wrongful) is held to be a waiver of those conditions of the policy requiring a determination of insured's obligation to pay by a judgment "after actual trial," such right to claim waiver is one personal to the insured. In short, the Company failure to defend the suit did not constitute a breach of the contract available to appellant, whose remedy was upon the policy itself or in na-

brief is accordingly overruled. Motion for rehearing, after due consideration, is overruled.

ture of a suit for specific performance. "Primary duty of insurer under automobile liability policy was to fulfill its contractual obligation to undertake the defense of personal injury actions against insured and to protect interests of insured, but it was under no affirmative duty to protect the rights of injured parties.". Goldstein v. Bernstein, 315 Mass. 329, 52 N.E.2d 559, syl. 5.

In above connection, we approve the following statement of counsel in reply brief: "The fallacy in appellant's argument may be seen when it is remembered that the failure of the appellee to defend the action against Andreasen, whether such failure was justified or not, was not a breach of any duty owed by appellee to appellant. While the named insured has many rights under the policy, including rights to have his

expenses paid, to have premiums on bonds paid by the company, to have expenses of immediate medical care paid, and to have any suit brought against him defendant, the only right accorded to the injured party is that found in Condition 4, which provides that any person who has secured a judgment against the insured after actual trial shall be entitled to recover under the policy to the extent of the insurance afforded. While it is true that, where the third party is a beneficiary of a contract and the provisions of the contract included for his benefit are breached by the promisor, he may sue to enforce the contract, appellee knows of no case holding that the rights of the third party beneficiary extend to suing for a breach of other provisions with which he is not concerned."