# Richmond

## KING S. COOPER V. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, ETC.

April 28, 1958.

Record No. 4787.

Present, All the Justices.

The opinion states the case.

*A. L. Winchester (Cliff R. Skinner,* on brief), for the plaintiff in error.

*E. Ballard Baker (Wicker, Baker & Goddin,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

On July 20, 1956, King S. Cooper instituted action against Employers Mutual Liability Insurance Company of Wisconsin for $3,000 with interest from December 14, 1955, based on a judgment in that amount Cooper obtained against Alfred T. Traynham. Traynham was a permissive user of an automobile owned by Ralph A. Dunn. There was an automobile liability insurance policy covering Dunn issued by the company which was in effect July 2, 1955 when the cars driven by Cooper and Traynham collided and Cooper was injured. The company denied liability on the grounds the additional insured, Traynham, had failed to comply with the terms of the policy and that full compliance was a condition precedent to any action against the company. At the conclusion of all the testimony, plaintiff moved to strike defendant's evidence and defendant likewise moved to strike plaintiff's evidence. Plaintiff's motion was overruled and that of defendant was sustained. Whereupon the jury returned a verdict for defendant and final judgment was entered thereon. We granted plaintiff an appeal.

The parties will be referred to at times as plaintiff and defendant in accordance with the respective positions they occupied in the court below.

The only witness called to testify on behalf of plaintiff was plaintiff himself and his testimony was succinct. By him a certified copy of the judgment order in the case in which plaintiff secured a judgment against Traynham in the sum of $3,000 was introduced in evidence. The execution on the judgment which showed a return by the sheriff "no effects found" was also introduced. Counsel for defendant stipulated there was a collision between the automobile operated by plaintiff and another driven by Traynham; that the vehicle Traynham was driving was owned by Dunn, the named insured in one of defendant's automobile liability insurance policies, and that Traynham was using the car with the permission of Dunn thereby making Traynham an additional insured.

Plaintiff rested his case and thereupon the burden shifted to defendant to establish its affirmative defense that Traynham had failed to comply with the terms of the policy in a manner which would relieve it of liability thereunder. *Shipp* v. *Connecticut Indem. Co.,* 194 Va. 249, 258, 72 S. E. 2d 343.

The policy contained the customary requirements that the insured give written notice of the particulars of an accident, and that the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. It also provided that the insured "shall co-operate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * *." There was a further provision that no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy.

Dunn and Traynham reported the accident on July 5, 1955 to Richard E. Smith, claims manager for defendant. At that time Dunn answered questions set forth on defendant's usual accident report form and executed it. Traynham's residence address was listed as being 3730 Delmont Street, Richmond, Virginia and his employer was stated to be United States Post Office in Richmond. Both Dunn and Traynham returned to Smith's office on July 12, 1955 and a signed statement concerning the details of the accident was secured from Traynham by Smith. In it his residence and business addresses given were the same as stated in Dunn's report. Smith then advised Traynham of his duty to cooperate with the company in regard to the accident; that copies of any pleadings served on him should be forwarded to him (Smith), and that he would be contacted if needed.

During the first part of August, 1955, Smith in the presence of counsel for Cooper, discussed the accident with Cooper and one of his witnesses.

On August 12, 1955 Cooper filed his motion for judgment against Traynham. The sheriff's return shows that a copy was served on Traynham on August 22, 1955 by posting it at 2811 Hanes Avenue in Richmond, that being his usual place of abode. The papers were not forwarded to the company by anyone. Smith having had conversations with counsel for Cooper and anticipating that action would be instituted caused an investigation to be made on August 31, 1955 in the local courts and ascertained that action had been filed.

Smith immediately undertook to locate Traynham but he could not be found at 3730 Delmont Street, the address stated in his report. On August 31, 1955 the Post Office advised him that Traynham was no longer in its employ and that his last known address was in care of Mrs. Lucy Wynn, Alberta, Virginia. Smith then referred the case to the insurance company's counsel, who filed a plea in abatement on September 12, 1955 to test the validity of the service of process, it being suggested that Traynham did not reside at 2811 Hanes Avenue. On the same day counsel for the company wrote counsel for Cooper enclosing a copy of the plea and advised that Traynham had not forwarded the suit papers. He further advised that Traynham had not contacted the company in reference to the matter since suit had been instituted and that the company was not waiving its policy defenses.

The hearing on the plea in abatement was had on October 24, 1955. Emma Jones, whose residence was 2811 Hanes Avenue, testified that Traynham resided with her from early July to late in August 1955; that when he moved he did not state where he was going; that she had not heard from him and that she did not know where he then was. The service was held valid and the plea was dismissed. Traynham was given until November 14, 1955 to file his answer.

Smith contacted Dunn on one or more occasions and he was unable to give any information where Traynham might be located.

The company wrote Traynham on October 31, 1955 that it had ascertained that a copy of the motion for judgment filed by Cooper had been served upon him and reminded him that under the terms of the policy he was required to immediately forward all papers relating to the accident served upon him to the company; that a failure to comply with that condition would relieve the company of any obligation to pay any judgment rendered against him, and that the company was willing to defend the action with a full reservation of its rights to deny any obligation to pay the judgment if one was secured by Cooper. He was requested to communicate with the company immediately, and was informed that by cooperating with the company, he would waive no rights he might have. This letter was written in triplicate and sent by certified mail with a return receipt requested. One copy was addressed care of Mrs. Lucy Wynn, Alberta, Virginia. The return card bears the signature of Herman Wynn as agent for Alfred Traynham and shows that delivery was

made on November 5, 1955. The other copies were addressed to 2811 Hanes Avenue and 3730 Delmont Street in Richmond. Both were returned marked "Moved, left no address." The company received no response to this mailing.

On November 14, 1955, counsel for the company filed Traynham's grounds of defense. In a letter of the same date addressed to counsel for Cooper he enclosed a copy thereof and informed him that the company had not received a reply to letters directed to Traynham, and that because Traynham had not forwarded the suit papers, had not notified the company of his change of address and had totally failed to cooperate, the company denied that it was under obligation to pay any judgment Cooper might secure against Traynham. He further advised that the case would be defended by the company under a full reservation of rights and it would not pay a judgment if one was secured.

On November 16, 1955, Smith wrote the Post Office, Traynham's former employer, for information concerning Traynham's latest known address, and he was again informed that it was care of Mrs. Lucy Wynn, Alberta, Virginia. Whereupon counsel for the company wrote Traynham at that address on November 30, 1955 informing him anew of the status of the case and advising that the company would defend the case under a full reservation of rights. The date of the trial, December 14, 1955, was given and the importance of his presence there was stressed. He was requested to contact counsel so that a proper defense to the action could be prepared. This letter which was also sent by certified mail, return receipt requested, was returned to the writer unopened on December 19, 1955, which was after the trial. However, the receipt card was returned before trial, having been signed by Herman Wynn as agent for Traynham on December 9, 1955.

Counsel for the company again, by letter dated December 8, 1955, advised counsel for Cooper that no reply had been received from any communications addressed to Traynham and enclosed a copy of the letter addressed to Traynham bearing date of November 30, 1955. The letter once more advised counsel for Cooper that the company was defending the action under a full reservation of rights and would not pay any judgment which might be rendered.

The case proceeded to trial without the presence of Traynham. Emma Bullock, who was a passenger in the car operated by Traynham, and Dr. William Dyerle were summonsed by counsel for the

company and testified at the trial, which resulted in a judgment for $3,000 against Traynham.

In the present case Smith stated on cross-examination a non-waiver agreement was not secured from Traynham. He was then asked:

"Q. Is it not customary for the company to get a non-waiver agreement signed by the insured before they participate in the defense of a case?

"A. It is if you can find the insured. In this case we couldn't."

The court instructed the jury that there was no proof that Herman Wynn was authorized to sign for letters as agent for Traynham and they must conclude that he was not such an agent.

It was stipulated that when counsel for the company informed counsel for Cooper on October 24, 1955 the company would not pay a judgment if one was obtained for the reasons set forth in his letter dated September 12, 1955, counsel for Cooper requested the company to withdraw from the case if it did not intend to pay the judgment. It was further stipulated that should counsel for Cooper testify he would say that he advised Smith on August 12, 1955 that suit papers had been mailed to the Law & Equity Court of the City of Richmond on that day.

■ Under these facts and circumstances did the trial court err in striking plaintiff's evidence? In that connection we must consider whether the evidence shows as a matter of law that Traynham wilfully failed to comply with the terms of the liability insurance policy issued to Dunn in some substantial and material respect, and if so, whether defendant is estopped to deny liability by defending the action Cooper instituted against Traynham.

In 29 Am. Jur., Insurance, § 789, pp. 599, 600, it is said:

"In liability insurance policies, provisions are usually to be found requiring the co-operation and assistance of the insured in resisting claims, etc., or, more particularly requiring that he shall aid in securing information, evidence, and the attendance of witnesses, in effecting settlements, in prosecuting appeals, etc. Such a provision is commonly called a 'co-operation clause.' It is in the nature of a condition precedent to liability on the insurer's part; and a breach of the provision by the insured constitutes, in the absence of a waiver by or estoppel of the insurer, a defense to liability on the policy, even though it does not appear that harm resulted to the insurer from such breach. To constitute a breach of a co-operation clause by the insured, however, there must be a lack of co-operation in some sub-

stantial and material respect; a technical or inconsequential lack of co-operation or a misstatement to the insurer is immaterial in such respect." See also 45 C. J. S., Insurance, § 585 c, p. 382.

We held in *State Farm Ins. Co.* v. *Arghyris*, 189 Va. 913, 55 S. E. 2d 16, that if it be shown that the insured wilfully breached the co-operation clause of the insurance contract in a material or essential particular, the insurance company was not required to further prove that it was prejudiced by such a breach in order to avoid liability.

In *Shipp* v. *Connecticut Indem. Co., supra,* we said: "While the insurer does not have to show that it was prejudiced by failure to co-operate, the absence of prejudice, if it appears, is a circumstance to be considered on the question of the materiality of the information which it is claimed the insured failed to give." (At page 256)

Since the trial court struck plaintiff's evidence, we must view the evidence and all reasonable inferences therefrom in the light most favorable to him. *Pike* v. *Eubank*, 197 Va. 692, 698, 90 S. E. 2d 821; 7 M. J., Evidence, § 297, p. 693.

It is usually a question of fact whether or not the insured has failed to cooperate as intended by the insurance policy. *Shipp* v. *Connecticut Indem. Co., supra.* It is only when reasonable men should not differ as to the proper inferences to be drawn from the facts proved that the question can be decided as a matter of law. *Southern Stevedoring Corp.* v. *Harris*, 190 Va. 628, 633, 58 S. E. 2d 302; *Shipp* v. *Connecticut Indem. Co., supra.*

The evidence adduced was without material conflict. It discloses that Traynham complied with one of the conditions of the policy in that he gave as soon as practicable written notice of the particulars of the accident to the company. However, it conclusively shows that he did not comply with other conditions. Though he actually received the suit papers served at his residence, yet he failed to forward them to the company as required in the policy and as he was instructed to do by Smith. When he moved from 3730 Delmont Street, the address given in his accident report, to 2811 Hanes Avenue he did not notify the company of his change in address and left no forwarding address. Likewise when he moved from Hanes Avenue to Alberta he failed to notify the company and left no forwarding address. The latter address was secured from his former employer. One of the two letters delivered to that address, signed for by Wynn, was not returned, but the other was returned unopened. Whether Traynham actually received the letter not returned is not shown by

the record. He failed to contact the company at any time after he made his report of the accident on July 12, 1955. He did not assist in any manner in the preparation for trial nor did he appear at the trial. These facts and circumstances constituted a wilful lack of cooperation with the company and such lack of cooperation was substantial and material and was prejudicial to defendant. His failure to assist in the preparation for trial and to attend the trial unquestionably prejudiced his case, especially in view of the fact that his report of the accident filed with the company indicated a defense to the action.

Plaintiff contends that mere disappearance of the insured does not constitute a wilful and intentional breach of the cooperation clause and he cites authorities in other jurisdictions in support of his contention. He relies heavily upon *Penn. Threshermen & F. M. Cas. Ins. Co.* v. *Owens*, 238 F. 2d 549. This case was determined by the law of South Carolina and is not considered to be controlling or applicable to the instant case. There the permissive user assisted the insured by verifying an answer to the action instituted against him and gave a written statement to the adjuster concerning the particulars of the accident before disappearing. As permitted by the law of South Carolina his statement, which was filed with defendant's motion for continuance, was read to the jury by plaintiff's attorneys as a part of their evidence. In the judgment creditor's action against it, the insurer defended on the ground that insured had failed to cooperate as required by the terms of the policy.

In affirming the judgment of the lower court, the Fourth Circuit Court of Appeals decided that the insurer had not made the effort required by the law of South Carolina to locate the permissive user, inquiry having been made only to his estranged wife and his pastor. The court pointed out that no inquiry was made of the police or his employer as to where he might be located, or at the Post Office to ascertain if he had left a forwarding address. The court also observed that his absence had not prejudiced the insured, as required by the law of South Carolina, since his statement introduced in evidence clearly showed that he was guilty of actionable negligence.

In the case at bar the defendant made inquiry of Dunn and wrote letters to Traynham at all known addresses after having contacted his former employer, the Post Office, in an effort to locate him. Moreover, as has been said, it is not essential in this Commonwealth for the insurer to show prejudice in order to prevail in the defense of

non-cooperation. Defendant did all that a reasonably prudent person could be expected to do under similar circumstances in an effort to locate Traynham.

In *State Farm Ins. Co.* v. *Arghyris, supra,* at p. 930, we said: "It can hardly be thought that Bohler could have successfully maintained an action against the insurance company for reimbursement had he paid the judgments against him. His judgment creditors here had the same rights he had, no more and no less." (Citing cases.)

Plaintiff contends that defendant has waived a breach of the terms of the policy, if any existed, or is estopped to deny liability by having defended the action he instituted against Traynham. He maintains that this action was defended without securing a nonwaiver agreement signed by Traynham or reserving its rights to deny liability before defending the action.

When the insurer under an indemnity policy has knowledge of a breach of its terms by the insured and continues in the defense of the case without giving notice to the insured that it is reserving any right to deny its ultimate liability, the insurer is thereafter estopped to avoid liability under the policy on such grounds. See *Fentress* v. *Rutledge,* 140 Va. 685, 125 S. E. 668.

In 29 Am. Jur., Insurance, § 878, p. 672, it is said: "The general rule supported by the great weight of authority is that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. The insurer's conduct in this respect operates as an estoppel to later contest an action upon the policy, * * *."

In *Insurors Indemnity & Ins. Co.* v. *Archer,* 208 Okla. 57, 254 P. 2d 342, the insurer wrote six letters, prepaid postage, to insured advising him of the pendency of the action against him and that it would defend the suit with reservation of its rights under the policy. The letters were addressed to insured at the residence and places of employment he had given. The insurer received no reply to these letters and the insured did not appear at the trial. It was held that insurer, who acted in good faith and used every reasonable effort to contact the insured, did not by defending the action in an effort to protect itself and to comply with the terms of the policy preclude itself from its policy defense.

Plaintiff argues there is no proof Traynham actually received notice that defendant was defending the action with full reservation of its rights under the policy. Assuming Traynham did not actually receive such notice, yet defendant acted in good faith in using every reasonable effort to contact and advise him of its position. The law does not require a person to do that which the other party has made impossible. By its actions defendant did nothing to prejudice insured. Everything that was done was helpful to him. Furthermore, plaintiff was fully informed of defendant's position. Plaintiff's rights can rise no higher than those of the insured. *State Farm Ins. Co.* v. *Arghyris, supra*. We conclude that defendant was not estopped to deny liability under the policy by defending the action Cooper instituted against Traynham.

The evidence shows as a matter of law that Traynham wilfully failed to comply with the terms of the policy and that such failure to comply was substantial, material and prejudicial. The court properly struck plaintiff's evidence, and the judgment appealed from is

*Affirmed.*