F. Anthony ZAHN and Gwendolyn R. Zahn, Husband and Wife, and Landco, Inc., a corporation, Appellants,

v.

GENERAL INSURANCE COMPANY OF AMERICA, an Insurance Corporation, and Hartford Accident & Indemnity Company, an insurance corporation, Appellees.

No. 52465.

Supreme Court of Oklahoma.

May 20, 1980.

Fellers, Snider, Blankenship, Bailey & Tippens, Terry, W. Tippens, Oklahoma City, for appellants Zahns.

Ames, Daugherty, Black, Ashabranner & Rogers, William B. Rogers, Oklahoma City, for appellant Landco, Inc.

King, Tague & Roberts, Tom King, Oklahoma City, for appellee General Ins. Co. of America.

Fenton, Fenton, Smith, Reneau & Moon, Donald R. Wilson, Oklahoma City, for appellee Hartford Acc. & Indem. Co.

WILLIAMS, Justice.

The first question presented in this appeal is whether or not the husband and wife, Zahns, appellants, may maintain an

action directly against the appellees, General Insurance Company of America (General), and Hartford Accident and Indemnity Company (Hartford). We determine they may. An additional question involved is whether or not the first cause of action of appellant Landco, Inc. (Landco) is one seeking declaratory relief. We hold it is not.

Landco designed and created a series of residential lots for home construction. The Zahns purchased one of these lots from Landco and constructed a home thereon. In 1974 on two occasions the Zahns allegedly suffered personal injury and property damage as a result of flooding in their home. They sued Landco alleging that Landco was negligent in the design, construction and engineering of the development.

The present action is a follow-up action seeking a money judgment against either General or Hartford in the amount of the $50,000.00 agreed judgment the Zahns had obtained against Landco in their suit against it.

On the dates of the respective floods Landco contends it was covered with a policy of comprehensive general liability insurance issued by either General or Hartford.[1]

Subsequent to the initiation of the first suit by the Zahns against Landco, General employed counsel who entered his appearance in said action and proceeded to represent Landco for over two years. However, shortly before the scheduled trial, this counsel asked and was permitted to withdraw as attorney of record for Landco.

Thereupon General tendered the defense of Landco to Hartford and Hartford employed counsel who entered his appearance as attorney of record for Landco. A jury trial was commenced shortly thereafter with Hartford's counsel defending Landco but after three days a mistrial was declared due to the illness of that attorney and his inability to proceed with the trial.

Thereafter, a few days before the rescheduled trial date, Hartford advised Landco that it was denying that it had coverage. Landco again made demand upon General to defend it. General refused and Hartford, while agreeing to defend Landco, denied any coverage, creating what appellants allege was a conflict of interest. Landco advised each defendant insurance company that it would be necessary for it to employ its own defense counsel and that Landco would look to either General or Hartford for the payment of any judgment or compromise settlement, together with attorneys fees incurred as a result of Landco providing its own defense.

On May 18, 1977, one day before the rescheduled trial the attorneys for both the Zahns and Landco appeared before the trial court and announced the case had been settled. The following day an agreed judgment in the amount of $50,000.00 was entered on behalf of the Zahns against Landco.

On August 1, 1977, the Zahns and Landco joined as plaintiffs and as has been stated brought the present action against General and Hartford in the trial court.[2] The first cause of action in the petition in the present case is stated as being brought by both Landco and the Zahns. Landco alleged the insurance companies breached their contracts by refusing to pay the judgment recovered against it. Zahns contend they are third party beneficiaries and seek to recover the amount of the judgment they have acquired.

---

1. Plaintiffs Zahns and Landco in their first cause of action in the petition in the case at hand alleged:

"2. The General Insurance Company of America (General) issued its comprehensive general liability insurance policy to plaintiff Landco, Inc. for a period from April 30, 1974, to April 30, 1977."

"3. The Hartford Accident and Indemnity Company (Hartford) issued its comprehensive general liability insurance policy, No. 38 C 710146, to plaintiff Landco, Inc. for a period from April 30, 1971, to April 30, 1972."

2. Appellants Zahns and Landco, plaintiffs in the trial court, alleged in their petition that no motion for new trial was filed, time for appeal of the Zahns' judgment against Landco had run, and that General and Hartford had refused to discharge the judgment.

The second cause of action, brought solely by Landco, prays that judgment be entered against the respective insurance companies, jointly and severally, and pleads that each of those defendants having at one time separately undertaken Landco's defense should be estopped now to deny that they have coverage.

The final cause of action also brought solely by Landco seeks punitive damages on the basis that the actions of the defendants, General and Hartford, were in "such extreme bad faith as to constitute a gross neglect of defendants' implied duties to deal fairly and in good faith" with their alleged insured.

The defendants, insurance companies, filed demurrers and motions to strike, all of which were overruled. Subsequently defendant General filed a motion to dismiss plaintiffs, Zahns from the case and a motion to dismiss Landco's petition. The trial court granted a motion to, and did dismiss the plaintiffs, Zahns from the case from which the present appeal arises, on the basis that they were limited to garnishment proceedings as their sole remedy for collection of their judgment against Landco. Also, the trial court found the remaining plaintiff's, Landco's first cause of action sought a declaratory judgment, a matter over which the trial court decided it had no jurisdiction and therefore dismissed it. These two rulings are the bases for this appeal.[3]

In the past this Court has said that "[r]elations of parties to an insurance policy are contractual and where proceeds are payable to a third person a third party beneficiary contract exists." *Christian v. Metropolitan Life Ins. Co.*, 566 P.2d 445, 448 (Okl.1977).

Furthermore, as concerns liability insurance, a third party's rights thereunder become vested at the time of the accident. *Bossert v. Douglas*, 557 P.2d 1164 (Okl.App. 1976).

Appellants cite 15 O.S.1971, § 29 as authority that a third party beneficiary may enforce the provisions of the contract by which he gains his status. That section provides, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

Appellants in their brief state:

The insurance policy of defendant General specifically provides benefits for a third party (judgment creditor) [quoting]: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."
Similar language is in the Hartford policy.

Appellants, Zahns, argue that a judgment has been entered determining the amount of the insured's (Landco's) obligation to them (Zahns). They further assert that the policy provision quoted supra, entitles them to maintain this (second) direct action to collect such judgment.

Appellees contend the Zahns' right to maintain a direct action against Hartford and General is dependent upon the satisfaction of one of the two conditions precedent contained in the above quoted policy provision. They say in order to rely on that provision the Zahns must either have obtained a judgment after "actual trial" or must have obtained "written agreement of the insured, the claimant and the company" as to the judgment to be entered. Since neither of these conditions have been satisfied, appellees assert the trial court's deci-

---

**3.** The trial court ordered that the second and third causes of action "be stayed indefinitely pending a determination of the insurance coverage question in a garnishment action."

sion to sustain their motions to dismiss Zahns' action was correct. We do not agree.

Appellees cite *Wright v. Allstate Ins. Co.*, 285 S.W.2d 376 (Tex.Ct.App.1955), in support of their proposition that the Zahns cannot maintain this action against them. *Wright* involved a suit against an automobile liability insurer to enforce payment of a judgment obtained by the plaintiff against the insured after the latter two had reached a compromise settlement agreement. The insurance company, which had earlier denied coverage and declined to defend its insured, contended the action could not be maintained because plaintiff's judgment was not obtained "after actual trial" as required by the "no action" clause contained in the insurance policy. The Texas Court of Civil Appeals there held, "A condition precedent to fixing liability against this insurer is a judgment following actual trial; a requirement that is not satisfied by a judgment of the kind presented here."

Despite appellees labeling the facts of the *Wright* decision as "strikingly similar" to those before us now, we discern the presence of one important distinguishing factor, that being the course of conduct pursued by the insurance companies here as opposed to that taken by the company involved in *Wright.* The decision in *Wright* indicates that the defendant there, Allstate Insurance Company, denied coverage from the outset and upon the subsequent filing of suit declined to defend.

In contrast, one insurance company involved herein, General, undertook the representation of the alleged insured, Landco, for over two years before denying liability and declining further representation. The other company, Hartford, defended Landco against the Zahns for three days of actual trial before subsequently denying coverage.

This court in the past has recognized "The doctrine of waiver . . . to be a rule of judicial policy, the legal outgrowth of judicial abhorrence, so to speak, of a person's taking inconsistent positions and gaining advantages thereby through the aid of courts." *Seidenbach's et al. v. Underwood*, 178 Okl. 624, 63 P.2d 950, 954 (1937).

In the case of *Prudential Fire Insurance Co. v. Trave-Taylor Co.*, 194 Okl. 394, 152 P.2d 273, 274, 275 (1944), an insured brought an action against its fire insurance company more than one year after the occurrence of the fire, to recover damages alleged to have resulted from the blaze. The policy under which the insured based its right to recover contained the following provision, "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire."

The Court found the evidence there showed the defendant, insurance company, investigated the fire for nearly a year. During this time the insurer neither expressly admitted nor denied its liability, nor did the company communicate the result of the investigation (that in their opinion the property had sustained no appreciable damage as a result of the fire) until after the period in which action on the policy might have been instituted had expired.

In response to the insurance company's contention that the action was barred by the limitation provision and that there was no evidence to indicate any misrepresentation or fraud on its part, the Court said:

While it is settled that a provision in a standard form fire insurance policy such as the one involved is valid and may be plead by the insurer in an action brought on the policy where there are no extrinsic facts involved which would have the effect of suspending the limitation provision, it is equally well settled that the provision is one for the benefit of the insurer and therefore one which can be waived by it and which will be deemed to have been waived where it would be inequitable to permit it to be plead.

The court concluded that the evidence was sufficient to support a finding that "the defendant had waived the limitation provision when it did not deny liability

within time to enable the plaintiff to institute the action within the limitation provision contained in the policy."

As said by this Court in *Seidenbach's et al. v. Underwood*, supra, "The doctrine of waiver is often difficult of application; each case involving the question must be decided upon the facts peculiar to it."

■ We determine the conduct of each of the appellees, insurance companies, preceding their disclaimer of all liability only a few days before the rescheduled trial was in effect an implied waiver of those alleged conditions precedent which they now contend appellants, Zahns, must satisfy before they may bring their direct action.

To allow Hartford's and General's belated reversal of position, to be asserted now as a shield against the direct action of the Zahns, we think is inequitable. The Zahns may proceed.

We now address the question of whether Landco's first cause of action is one seeking declaratory relief. The prayer of that first cause of action as amended is:

"WHEREFORE, plaintiffs F. Anthony Zahn, Gwendolyn R. Zahn and Landco, Inc. pray that judgment be entered against either defendants General Insurance Company of America or Hartford Accident & Indemnity Company, or against the defendants jointly and severally, in favor of F. Anthony Zahn and Gwendolyn R. Zahn in the amount of $50,000 plus interest accumulated from May 19, 1978, at 10% per annum, together with costs, attorney fees and such other relief as may be just and proper.".

Appellees say there is no allegation of loss on behalf of Landco and there has been no payment of the judgment by Landco. They assert Landco is seeking a declaratory judgment "as to which carrier, if any, has coverage" and that such a request for declaratory relief is barred by 12 O.S.1971, § 1651. Again, we disagree.

As stated earlier, Landco has alleged that it was covered by a policy of general *liability* insurance issued by either General or Hartford. Neither General nor Hartford has objected to that allegation.

In *Maryland Casualty Co. v. Peppard*, 53 Okl. 515, 157 P. 106, 108 (1915) this Court classified an insurance contract where the insurance company agreed to indemnify the insured "against loss from the liability imposed by law upon the assured", as a *liability* policy. The Court said "Loss from liability literally means loss which arises immediately upon one becoming liable to another, not loss which arises immediately upon such liability being paid or extinguished."

This Court further recognized "the two well-known classes into which such contracts have been generally divided by the companies extensively engaged in the casualty insurance business, to-wit: 'policies to indemnify against loss' and 'policies to indemnify against liability'". The Court continued, "the difference between the two classes of contracts is that upon the former an action cannot be brought and a recovery had until the liability is discharged, while upon the latter the cause of action is complete when the liability attaches."

The recognition given by the Court in *Peppard* of those two well-known classes of insurance contracts has been repeatedly followed in later Oklahoma decisions[4] and by other authorities.[5]

■ It is our determination that the objective of Landco's first cause of action is to seek a monetary judgment against the appellees for breach of their liability insurance contracts.

A judgment has been entered against Landco for the damages resulting from the flooding of the Zahns' home. The attaching of liability pursuant to this judgment has been alleged in the petition in the present action. Landco's first cause of action

---

**4.** See *Boling v. Ashbridge et al.*, 111 Okl. 66, 238 P. 421 (1925); *Tri-State Casualty Ins. Co. v. Stekoll*, 201 Okl. 548, 208 P.2d 545 (1949); *Chicago R. I. & P. R. Co. v. Davila*, 489 P.2d 760 (Okl.1971).

**5.** 44 Am.Jur.2d Insurance § 1415, p. 265.

against General and Hartford for breach of contract vested upon their refusal to discharge that judgment. The fact that relationships and status may have to be determined in the course of this action does not make it one seeking a declaratory judgment; Landco is asserting its right under those insurance contracts to have that judgment against it paid. The trial court's judgment should be and is reversed with directions for that court to proceed in accordance with the views herein expressed.

Reversed.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, DOOLIN and OPALA, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.