2013 OK CIV APP 100

**T.V., A Minor, by and Through Steve VILLNAVE, Parent and Next Friend, Plaintiff/Appellant,**

v.

**COLUMBIA NATIONAL INSURANCE COMPANY, Defendant/Appellee.**

No. 111179.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 28, 2013.

Rex Travis, Paul Kouri, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

J. Anthony Miller, A. Mark Smiling, Tulsa, Oklahoma, for Defendant/Appellee.

BRIAN JACK GOREE, Judge.

¶ 1 Appellant/Villnave obtained a judgment after a non-jury trial in a personal injury case and then filed a separate action against Appellee, defendant's insurance company. The insurer filed a motion for summary judgment arguing Appellant was not a party to the insurance contract and the judgment was not against an insured. We affirm because the insurance company properly reserved its right to deny coverage and the facts lead to the single conclusion that defendant was not covered by the policy.

¶ 2 Vernon Kauk is the sole member of Brown and Kauk Rentals, LLC, which owns and rents a small number of apartments and mobile homes. Kauk went to Teresa Villnave's home one evening after dinner to collect a rent check she was holding for one of Kauk's tenants. When Kauk arrived, a party was going on in the front yard and Ms. Villnave invited him to share a beer. Kauk sat down with the others who were gathered around a fire burning within a 3–gallon metal container. When his bottle was empty, he reached over and put it in the "bucket of fire." Several minutes later the bottle exploded and a piece of glass struck Ms. Villnave's young son causing him to lose sight in one eye. Steve Villnave sued Kauk for negligence for his son's injury.

¶ 3 Kauk notified Columbia National Insurance Company of the lawsuit. The named insured on the Columbia policy was Vernon & Sons Construction, LLC, which Kauk and his son operate to perform carpentry jobs, remodel work, and additions to homes. Columbia insures Vernon & Sons Construction but not Brown and Kauk Rentals.

¶ 4 Columbia notified Kauk it was providing him with defense counsel but it did not simultaneously advise him it was reserving its right to withdraw the defense or refuse indemnity. It employed separate counsel to evaluate coverage and Kauk cooperated by agreeing to an examination under oath. Columbia ultimately denied coverage and advised Kauk that the lawyer it had provided would be withdrawing representation. Kauk's personal counsel took over his defense. After a non-jury trial the court entered judgment in favor of Villnave and against Kauk for $427,295.69.

¶ 5 Villnave filed a separate lawsuit, not a garnishment, against Columbia. In his petition, Villnave claims he obtained a judgment against Kauk and consequently "steps into the shoes of Kauk" allowing him to collect his judgment against Columbia. He alleges Columbia is estopped from denying coverage because it undertook Kauk's defense without reserving its rights and withdrew from the lawsuit just before pretrial.

¶ 6 Columbia argues (1) Villnave has no contractual rights under the insurance policy and (2) Kauk was not in the scope of employment with the insured entity, Vernon & Sons Construction, LLC. It denies it is estopped from raising these defenses. The trial court considered the parties' arguments and granted Columbia's motion for summary judgment. Our review is *de novo* and all inferences and conclusions to be drawn from the evidentiary materials are viewed in the light most favorable to Villnave as the non-moving party. *Cowley v. Seymour Law Firm*, 2012 OK 6, ¶ 6, 292 P.3d 7, 9.

¶ 7 We first consider whether Villnave can maintain a direct action against Columbia even though he is not an insured. Villnave claims he is a third-party beneficiary of the insurance contract between Kauk and Columbia. "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 15 O.S.2011 § 29. "A third party beneficiary of a contract may avail himself of its benefits and maintain an action thereon notwithstanding he was a stranger thereto, had no knowledge of the contract, and was not identified therein when it was made if it appears the parties intended to recognize him as a beneficiary." *Keel v. Titan Const. Corp.*, 1981 OK 148, ¶ 5, 639 P.2d 1228, 1231. The intention of the parties is ascertained from the language of the contract. *Id.* A clear provision in an insurance policy can give a judgment creditor a right of action against the insurer. *Cue v. Casualty Corporation of America*, 1975 OK CIV APP 33, ¶ 22, 537 P.2d 349, 352. In *Zahn v. General Ins. Co. of America*, 1980 OK 79, 611 P.2d 645, the Supreme Court permitted a judgment creditor to proceed directly against the defendant's insurance company based on policy language allowing recovery under the policy by any person who had secured a judgment.[1] Zahn was not a garnishment action but a subsequent lawsuit filed directly

against the judgment debtor's insurer, the same as in this case.

¶ 8 Columbia's insurance policy states, "A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance." It is undisputed that Villnave obtained a final judgment against Kauk. Therefore, Villnave is entitled to proceed against Columbia if Kauk is an insured.

¶ 9 We analyze Kauk's insured status by comparing the policy language to the record facts. The named insured is Vernon & Sons Construction, LLC. According to the policy, when a limited liability company is the named insured, "[the] members are also insureds, but only with respect to the conduct of your business." Similarly, managers of the LLC are also insureds, but only with respect to their duties as managers. Kauk testified that he went to the Villnave home to collect rent for an apartment owned by Brown and Kauk Rentals. He conceded he was not collecting rent for Vernon & Sons Construction and was not acting on behalf of the construction company when he put the bottle into the fire bucket. Although Teresa Villnave once inquired about Vernon & Sons doing some remodel work on her bathroom, that communication occurred before the accident and on a different day.

¶ 10 Brown and Kauk Rentals has its own bank account and it is not co-mingled with funds in the Vernon & Sons Construction account. Sometimes Vernon & Sons performs construction work on rental properties owned by Brown and Kauk but (except for one unrelated occasion) no money is exchanged between the two companies.

¶ 11 The record provides no evidence Kauk was conducting business or performing duties as a member or manager of Vernon & Sons Construction, LLC when the accident

---

1. The policy provided: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy." *Zahn*, 1980 OK 79, ¶ 15, 611 P.2d at 647.

occurred. There is no substantial controversy as to any material fact. Kauk does not fall within the definition of insured under the policy.[2] This does not resolve the case however, because Villnave contends Columbia is estopped from raising its coverage defense.

¶ 12 Appellant argues estoppel applies because Columbia did not reserve its rights to deny coverage when it undertook Kauk's defense, and it withdrew representation shortly before the pretrial conference, thereby prejudicing his case.

¶ 13 Kauk was served with the summons and petition in the underlying action in July 2010. He retained attorney Jerry Venable who entered an appearance. In September 2010, Kauk personally retained two additional attorneys, Michael Woodson and Chris Combs. Woodson wrote a letter to Columbia that notified it of the lawsuit, identified Kauk as Columbia's insured, and explained, "I am hereby tendering the defense of this matter to you for assignment and handling." Less than one week later, on September 7, 2010, Columbia corresponded with Kauk identifying the new law firm it had selected to proceed with his defense. The letter explained the potential that damages could be awarded in excess of the policy limit and advised Kauk of his right to consult with an attorney of his choice at his expense. Except as to damages in excess of policy limits, Columbia's notice of defense was without reservation.

¶ 14 However, on September 22, 2010, Columbia's representative wrote attorney Woodson, "We have also opened [a separate claim] to review coverage for the lawsuit." Columbia confirmed Woodson's agreement to arrange a recorded interview with Kauk "to get the details on the loss so we can determine coverage." The interview was briefly delayed while Kauk was out of state.

¶ 15 Columbia hired separate coverage counsel who sent a letter to Woodson on October 27, 2010. The letter stated, "[Columbia] is generally reserving the right to deny liability coverage to Mr. Kauk, both for defense and indemnity. At this point, Columbia does not have sufficient information to evaluate the facts or to evaluate coverage. As a result, Columbia reserves the right to deny coverage for any and all reasons that may be identified or discovered in the future." The letter again requested the opportunity to examine Kauk concerning the facts. Meanwhile, Columbia provided a certified copy of the insurance policy and stated "Columbia reserves the right to contend that this policy does not provide coverage."

¶ 16 Kauk gave his sworn statement on November 19, 2010. In addition to testifying about the facts, he admitted he was not contending that the lawsuit filed against him had anything to do with Vernon & Sons Construction. He stated he was hoping the Columbia policy provided coverage, but he did not actually think it did. On December 7, 2010, Columbia mailed a letter to Kauk denying coverage.

¶ 17 The denial letter quoted the relevant policy provisions and explained Kauk would only be an insured if the accident arose out of his activities in connection with, or while performing duties relating to, the business of Vernon & Sons Construction. Columbia concluded in its letter that Kauk did not qualify as an insured person, that it was denying coverage, and that it would withdraw representation in thirty days making it necessary for him to take immediate steps to find new counsel. In fact, Kauk already was personally represented by Venable, Woodson, and Combs, and had been even *before* Columbia had engaged additional defense counsel.

¶ 18 The case was scheduled for a pretrial conference on March 22, 2011. Instead, the court permitted Columbia's defense counsel to withdraw and noted attorney Venable

---

**2.** Columbia also cites authority for the proposition that an officer's actions do not bind the corporate entity unless they are within the scope of authority. Villnave does not challenge this statement of the law but contends Columbia is estopped from raising it. For purposes of our decision in this case, determining whether Kauk was in the scope of authority under the stated principle of law presents the same question as interpreting whether he was in the "conduct of business" under the terminology of the insurance contract. We reach the same conclusion under either approach. Kauk's actions do not impose liability upon the named insured and therefore Columbia is not obligated to indemnify under its policy.

would remain as attorney for defendant, and attorneys Woodson and Combs would be entering their appearances. The court passed the pretrial conference to April 12, 2011, and on that day the case was scheduled for the non-jury trial which occurred July 7, 2011. These are the facts relating to Villnave's claim that Columbia defended Kauk without a reservation of rights.

¶ 19 We next examine Oklahoma law regarding an insurance company's duty to defend its insured and its right to preserve coverage defenses. An insurer has a duty to defend when it ascertains facts giving rise to the potential for liability under the policy. *First Bank of Turley v. Fidelity and Deposit Insurance Company of Maryland*, 1996 OK 105, ¶ 13, 928 P.2d 298, 303. The insured has a correlative duty to give its insurer timely notice of the claim to enable it to discover facts bearing on coverage. *Turley*, 1996 OK 105, ¶ 14, 928 P.2d at 304. If coverage is questionable, the insurer may defend the insured under a reservation of rights. *Id.* at 305.

¶ 20 When an insurer undertakes, without reservation, to defend an action against the insured, and a judgment is rendered against the insured, the insurer is estopped to deny liability under the policy. *Tri–State Casualty Ins. Co. v. McDuff*, 1943 OK 54, ¶ 5, 134 P.2d 342, 343. Estoppel arises when the insurer commits to an unqualified defense *with knowledge* that the action may not be within the coverage of its policy. *Id.* at 343. "If a liability insurer, *with knowledge* of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage." *Insurors Indemnity & Ins. Co. v. Archer*, 1953 OK 29, ¶ 7, 254 P.2d 342, 344–345.

¶ 21 Where the facts are not disputed and are subject to only one interpretation, the question of estoppel becomes one of law to be decided by the court. *See General Finance Corporation v. Jackson*, 1956 OK 129, ¶¶ 7–10, 296 P.2d 141, 143–144, and *Barringer v. Baptist Healthcare of Oklahoma*, 2001 OK 29, ¶ 26, 22 P.3d 695, 701 (citing *General Finance* and applying the standard to the question of waiver).

¶ 22 Columbia notified Kauk's personal counsel on September 22, 2010 it had opened a separate claim to review coverage and asked for a recorded statement in order to obtain the facts needed to determine coverage. Although Columbia's first communication with Kauk did not include a reservation of rights, it is significant that Kauk had waited approximately 45 days after he was served with the suit papers before notifying Columbia of his claimed loss. The late notice left Columbia insufficient time to investigate whether it had a policy defense. There is no evidence Columbia had knowledge of a coverage defense when it was given late-notice of a case in suit. It knew Kauk had been sued and it acted quickly to provide him with defense counsel to protect his interest. Columbia advised Kauk's personal counsel less than a month later that it questioned coverage.

¶ 23 Villnave urges us to apply a rule consistent with a statement in *Braun v. Annesley*, 936 F.2d 1105 (10th Cir.1991), that an insurer should "thoroughly investigate its policy and notify persons *before* assuming their defense that it is reserving its right to later contest coverage." *Braun*, 936 F.2d at 1111. *Braun* found estoppel applied where an insurance company defended its insured through jury trial without ever tendering a reservation of rights. Unlike the insurer in *Braun*, Columbia *did* tender a reservation of rights letter. We do not agree with Appellant's suggestion that an insurance company is categorically estopped from denying coverage if it neglects to reserve its rights at the time it first undertakes its insured's defense. We find the material facts are undisputed and lead to the single inference that Columbia is not estopped by virtue of its delay in reserving its right to deny coverage.

¶ 24 Villnave also relies on *Zahn* for its proposition that Columbia is estopped because it withdrew representation shortly before the pretrial conference which resulted in prejudice. In *Zahn*, the defendant's insurers

withdrew representation shortly before a scheduled trial. The Zahns (plaintiffs) entered into an agreed judgment with the defendant for $50,000 and then sued defendant's insurers for breach of contract. The insurers argued the Zahns' judgment did not meet policy-defined preconditions to a right of action. The Supreme Court held the insurers were estopped from relying on unmet conditions precedent because they disclaimed liability only a few days before the trial. *Zahn* is distinguishable because Columbia denied coverage a full seven months before the trial, not a few days.

¶ 25 Villnave's final assertion, that Kauk was prejudiced by Columbia's withdrawal of defense, neither establishes estoppel nor requires trial of a question of fact. After Columbia withdrew its defense, Kauk could not afford to depose out-of-state witnesses, obtain a medical examination of the injured plaintiff, or settle the case at mediation. But Kauk did not suffer prejudice due to the *timing* of Columbia's withdrawal. Kauk's personal attorneys had seven months' notice that Columbia's counsel would not be trying the lawsuit. Furthermore, his personal counsel formally entered their appearances in the case more than three months before the trial. There is no evidence of prejudice directly resulting from the timing of Columbia's withdrawal from the action.

¶ 26 We conclude the facts lead to the single conclusion that the policy does not provide coverage for Kauk's actions and Columbia is not estopped from relying on that defense. The trial court's order is AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.